JAMES D. TARWATER V. STATE

No. 26,824.  February 24, 1954

Rehearing Granted April 28, 1954

*Harris E. Lofthus,* Amarillo, for appellant.

*Thomas C. Braly,* Dist. Atty., Pampa, and *Wesley Dice,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for attempting to pass a forged instrument; the punishment, two years in the penitentiary.

As reflected by the record before us, a notice of appeal was given and filed when the motion for new trial was overruled on October 20, 1953; the record also reflects that ten days later (on October 30, 1953), a written notice of appeal was filed together with the trial court's order committing appellant to jail on failure to enter into a recognizance pending the decision of this court.

Under the provisions of Sec. 4 of Art. 759a, C. C. P., the statement of facts must be filed within ninety days from the date of the notice of appeal.

The statement of facts in the instant case was filed in the trial court on January 25, 1954, which was seven days after expiration of the time allowed from the date of the original notice of appeal.

It is the holding of this court that the first notice of appeal shall control.

Inasmuch as the statement of facts was filed too late and may not be considered, the judgment is affirmed, as reversible error does not otherwise appear.

Opinion approved by the court.

ON APPELANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

It now appears by satisfactory evidence that the statement of facts in this case was filed in the trial court within the time prescribed, and that the date of filing as it originally appeared thereon was, in fact, incorrect.

The conclusion is reached that the statement of facts is properly before us for consideration.

Accordingly, appellant's motion for rehearing is granted and the judgment of affirmance is set aside, and the case will now be considered on its merits.

Denison, the person to whom it was alleged appellant attempted to pass the forged check, was an employee in the grocery store of his mother and father. He testified that appellant presented to and asked him to cash a $50 check bearing the

signature of J. D. Jud Johnson. Upon suggestion of his mother, he refused to cash the check. The check was returned to appellant, who left the store and was seen to go into a hotel.

The sheriff was notified by Denison that "there was a man trying to get a check on Jud Johnson cashed." After receiving from Denison a description of appellant and learning where he might be found, the sheriff went to the hotel and found that appellant had registered there and had been assigned to room #9. The sheriff, in the absence of the appellant, entered the room and found no one. Later, accompanied by Denison, he returned to the hotel room and a search thereof revealed appellant hiding under the bed. In the commode were found some scraps of paper which were pieced and taped together, forming the check which Denison identified as the one presented to him by the appellant. The sheriff had no search warrant authorizing the search of the room, nor did he have a warrant of arrest for the appellant.

Johnson, whose name was alleged to have been signed to the check, testified that the signature was a forgery and that he had given no one permission to sign his name thereto.

It is upon the facts stated that this conviction rests.

Appellant presents two questions for review: (a) the insufficiency of the evidence to support the conviction, and (b) the illegal search of his room.

Three elements are necessary to constitute the offense of attempting to pass a forged instrument (Art. 996. V. A. P. C.). These are: (a) the attempt to pass the instrument as true, (b) the fact that the instrument was a forgery, and (c) knowledge by the accused that the instrument was forged or a forgery when he attempted to pass it. Montgomery v. State, 157 Texas Cr. R. 44, 246 S.W. 2d 209.

The proof abundantly establishes the first two of those elements. The remaining question, then, has reference to proof of the knowledge that the check was a forgery.

The state made no effort to show that the appellant wrote the check or that same was in his handwriting. The name signed to the check was not that of a fictitious person but, rather, of a person well known. If knowledge on the part of appellant that the check was a forgery be shown, it is by reason of the

attendant circumstances. Roach v. State, 138 Texas Cr. R. 382, 136 S.W. 2d 614.

The conclusion is expressed that the evidence showing the check was payable to the appellant and also the evidence showing the attempted destruction thereof after the unsuccessful attempt to pass it constitute sufficient circumstances to warrant the jury's conclusion that appellant knew the check was a forgery when he attempted to pass it.

From what has been said, the admissibility of the testimony touching the finding of the scraps of paper which constituted the forged check is a matter of material importance to the appellant.

In so far as the right to search it is concerned, the hotel room occupied by appellant constituted, under the circumstances here presented, his place of abode, within the meaning of the Constitution (Art. 1, Sec. 9) and laws (Art. 4, C. C. P.) prohibiting unreasonable searches and seizures. Giles v. State, 133 Texas Cr. R. 454, 112 S.W. 2d 473.

For the testimony as to appellant's arrest and as to the search of his room to be admissible, the sheriff was required to be lawfully upon the premises. If he was not, then the testimony was not admissible. For such entry and search to be authorized, then, the sheriff was required to have a search warrant or the right to arrest appellant without a warrant of arrest.

No search warrant or warrant of arrest was shown or relied upon.

It would serve no useful purpose to discuss the various statutes under Title 5, C. C. P., and situations arising thereunder, that would authorize one's arrest without a warrant. It is sufficient to say that the instant facts raise only the rights conferred by Art. 215, C. C. P., which reads as follows:

"Where it is shown by satisfactory proof to a peace officer, upon the representation of a credible person, that a felony has been committed, and that the offender is about to escape, so that there is no time to procure a warrant, such peace officer may, without warrant, pursue and arrest the accused."

It must be remembered that the right to arrest appellant without a warrant was governed by the facts existing and

known by the arresting officer at the time of the arrest. Facts found after the arrest or as a result of the search cannot be utilized to authorize the arrest or search. Timberlake v. State, 150 Texas Cr. R. 375, 201 S.W. 2d 647; Adams v. State, 137 Texas Cr. R. 43, 128 S.W. 2d 41; Nowlin v. State, 125 Texas Cr. R. 390, 68 S.W. 2d 496.

The witness Denison testified that he had seen, upon many occasions, the genuine checks of Jud Johnson, which were cashed at their store for Johnson's wife and his employees. In reply to the question as to whether the check which was presented to him by appellant looked authentic to him, the witness replied that he would have cashed it if his mother had not indicated that he should no do so.

The sheriff did not testify to what Denison reported to him. He did say that, after seeing Denison, he began looking for 'the appellant because he had been told that he had tried to pass a check.

The foregoing are all the facts upon which the sheriff acted in effecting the arrest of the appellant without a warrant and in making the search of the hotel room in connection with that search.

It is apparent that Denison did not report to the sheriff that appellant had committed a felony offense. Denison saw nothing about the check that led him to believe that it was not genuine but, to the contrary, he was convinced of its genuineness to the extent that he was willing to cash it and would have done so had not his mother prevented. His failure to cash the check was not occasioned by his thinking it was a forgery or that the appellant was attempting to pass to him a forged check. When Denison advised the sheriff that the appellant had tried to cash a check, he did not suggest that the check was a forgery or that it was not genuine.

There is no escape from the conclusion that Denison's report to the sheriff was nothing more than mere suspicion on his part that there was something wrong in the matter. That the sheriff acted only upon Denison's report to him is definitely established. It is apparent, therefore, that at that time Denison did not know that a felony had been committed by appellant in his presence and did not report to the sheriff that appellant had committed a felony.

64

In addition to the foregoing, there is a lack of any evidence that the appellant was about to escape after having committed the alleged felony.

In Rippy v. State, 122 Texas Cr. R. 101, 53 S.W. 2d 619, 627, in discussing Art. 215, C. C. P., we said that the provision of that article which requires "that the offender is about to escape" is indispensable to an application of that statute and the right to arrest conferred thereby. In that case, the accused was at home, partially undressed and in bed.

About the only distinction in that case and in this case upon the question mentioned is that, here, appellant was under the bed and not in it. In any event, there is clearly an absence of any testimony showing that appellant was about to escape or that, if he had committed a felony, there was not sufficient time to procure a warrant of arrest.

From what has been said, it is apparent that appellant's arrest was illegal, that the contemporaneous search of his hotel room was unauthorized, and that the testimony obtained as a result thereof was not admissible.

The judgment is reversed and the cause is remanded.

Opnion approved by the court.