GEORGE STEPHENS V. STATE

No. 27,224. December 8, 1954.
Rehearing Denied February 2, 1955

*L. H. Welch,* Breckenridge, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The offense is hog theft; the punishment, two years in the penitentiary.

Trial was had in the 42nd Judicial District Court of Taylor County upon change of venue from Shackelford County.

The transcript shows that the jury was charged, the verdict returned and judgment was pronounced on April 28, 1954. On the same day, according to the transcript, sentence was pronounced and appellant excepted, gave notice of appeal, and the court ordered the sentence held in abeyance to await the action of this court, and fixed bond on appeal in the sum of $3,000.

The transcript further shows an amended motion for new trial filed May 12th, 1954, the state's controverting affidavit thereto, and the order of the court overruling the motion for new trial dated May 27, 1954, which recites that appellant gave notice of appeal on that date.

There is nothing in the record to show that the notice of appeal given at the time of sentence on April 28, 1954, was withdrawn, or that a motion for new trial was filed within ten days after the verdict, as required by Art. 755, V.A.C.C.P.

The statement of facts found in the record was filed in the trial court on August 3, 1954, which was more than 90 days after notice of appeal was given on April 28, 1954.

Art. 759(a), Sec. 4, V.A.C.C.P., provides that the defendant shall file the statement of facts with the clerk of the trial court within 90 days after the date of giving notice of appeal. A statement of facts filed after the expiration of such 90 day period cannot be considered.

We have held that the first notice of appeal given in the trial court controls the time for filing the statement of facts.

Tarwater v. State, 160 Texas Cr. Rep. 59, 265 S.W. 2d 83, also 267 S.W. (2) 410.

Applying the above rules of procedure, we are not authorized to consider the statement of facts found in the record.

In the absence of a statement of facts which can be considered, we are not in position to appraise the exception to the court's charge.

The indictment was in two counts, the second count, charging theft of a hog, alone being submitted to the jury.

The judgment recites that appellant was adjudged to be guilty of theft of property of over the value of $50, while the sentence recites that he was adjudged guilty of theft.

The judgment and sentence are now reformed so as to recite that appellant was adjudged to be guilty of theft of a hog, so as to conform to the second count of the indictment, the charge of the court and the jury's verdict.

As reformed, the judgment is affirmed.

ON MOTION FOR REHEARING

MORRISON, Presiding Judge.

The record has now by supplemental transcript been perfected to show that a motion for new trial was filed on April 30, 1954.

There remains, however, no showing that the notice of appeal to this court, given on April 28, 1954, was ever withdrawn. Without such showing, such date shall determine the time for filing the statement of facts, and our original opinion, holding that such statement of facts was filed too late, shall continue to control our disposition of this cause.

Appellant's motion for rehearing is overruled.