HARDY LUEDNURE BROWN V. STATE

No. 27,581. May 25, 1955
Rehearing Denied June 25, 1955
Appellant's Second Motion for Rehearing Denied
(Without Written Opinion) October 12, 1955

*E. Colley Sullivan,* Dallas, for appellant.

*Henry Wade,* Criminal District Attorney, *Tom Thorpe* and

*Charles S. Potts,* Assistants District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

Appellant was convicted of the offense of procuring under Art. 525, P.C., and assessed punishment of a fine of $100.00 and confinement in the county jail for 90 days.

The record reflects that the judgment from which appellant brings this appeal was rendered and entered against him on September 28, 1954, which judgment concludes with the following provision:

"To which ruling of the court, defendant excepts and gives notice of appeal."

It is further shown that on the same day that the judgment was entered appellant filed his motion for new trial which was thereafter amended on October 18, 1954, and overruled by the court on November 10, 1954. The order of the court overruling the amended motion for new trial contains the appellant's exception thereto and notice of appeal.

The statement of facts found in the record was filed in the trial court on February 1, 1955, which was more than ninety days after the first notice of appeal was given.

Article 759a, Sec. 4, V.A.C.C.P., provides that the statement of facts shall be filed with the clerk of the trial court within ninety days after the date of giving of notice of appeal. It has been held by this court that where two notices of appeal appear in the record, the first notice shall control in determining whether or not the statement of facts is filed within the time required by law. Tarwater v. State, 160 Texas Cr. Rep. 59, 265 S.W. 2d 83; Stephens v. State, 161 Texas Cr. Rep. 70, 274 S.W. 2d 829.

The first notice of appeal appearing in the judgment dated September 28, 1954, was a valid notice of appeal. Braun v. State, 158 Texas Cr. Rep. 394, 257 S.W. 2d 708. Such notice of appeal does not appear to have been withdrawn.

The statement of facts, not having been filed within the ninety days from the date of the first notice of appeal, cannot be considered.

In the absence of a statement of facts which can be considered, we are unable to pass upon the sufficiency of the evidence and the objections to the court's charge.

The judgment is affirmed.

Opinion approved by the court.

## ON MOTION FOR REHEARING

MORRISON, Presiding Judge.

By affidavit from the judge who tried this case and the deputy county clerk, it has now been shown that the first notice of appeal which is contained in the transcript is a clerical error. We will now consider the case on its merits.

Officer Turrigiano of the Dallas police force testified that on the night in question he and his fellow officers, Smith and Magness, of the vice squad, in the course of their official duties, proceeded toward the Dal-Hi Motor Courts; that he took a cab, and his partners followed in an unmarked police automobile; that when he arrived at the courts he was met by the appellant who asked, "Can I help you?" to which he replied, "Yes, is there any chance of getting a girl?" and the appellant in turn said, "Yes, I believe I can. Pay off the cab." Turrigiano testified that he registered at the office and was carried to Cabin 14 by the appellant; that the appellant sold him a bottle of whiskey, got rid of a soldier who was asleep in the cabin, told him, "A girl will be here in just a couple of minutes," and shortly thereafter Judy Lee Hendricks arrived and said that she was the girl whom the porter (the appellant) had sent. Turrigiano stated that they discussed the price for her sexual favors; that he reached for the telephone, called the police dispatcher's office, told them to have Smith and Magness pick him up at Cabin 14, and that within two minutes Detective Smith arrived; that they proceeded to Cabin 16, where they arrested another girl, and then carried the two girls, the appellant and the manager of the courts to the city hall.

Officer Magness testified that Turrigiano preceded them to the courts in a taxi and that he and Officer Smith waited in the vicinity until they received a call to go to Cabin 14; that upon their arrival they were met by the appellant who answered their inquiry, "Have you got anything?" by stating that there was a girl in Cabin 14; that Smith went to Cabin 14 and returned with

Judy Lee Hendricks; that Smith then went to Cabin 16 and brought back another girl and that the two girls, the manager and the appellant were placed under arrest.

Appellant, testifying in his own behalf, gave practically the same version of the affair as had the arresting officers, except that he stated that he knew Turrigiano was an officer and had instructed him to "Call me a girl;" that he called Joyce from a list of girls' phone numbers which he had; and that shortly thereafter Joyce and another girl arrived, and Joyce went to Cabin 14 and he placed the other girl in Cabin 16. Appellant's defense seems to have been that he was taking orders from an officer of the law, which he thought justified his actions in the premises.

We find the evidence sufficient to support the conviction and shall discuss the contentions advanced in the appellant's brief.

Appellant contends that the court erred in refusing to grant his motion for instructed verdict which recited the following contentions:

1. That the appellant was entrapped by Officer Turrigiano into committing the offense charged. It is the settled law in this state that the conduct of the officer in this case does not constitute entrapment. Cliff v. State, 144 Texas Crm. R. 340, 162 S.W. 2d 712.

2. That the evidence does not establish that Judy Lee Hendricks was procured for unlawful sexual intercourse because no act of sexual intercourse took place. We have been cited no authority, and know of none, which would support this contention.

3. That the evidence does not show that the appellant solicited a female person for the purpose of having unlawful sexual intercourse with a male person. We think that the statement of the case set forth above disposes of this contention.

4. That the court erred in permitting Turrigiano to testify, even though no objection was made to such testimony, about his conversation with Judy Lee Hendricks regarding the price for sexual intercourse which took place in the absence of the appellant. We think our recent holding in Dabney v. State, 159 Texas Cr. Rep. 494, 265 S.W. 2d 603, disposes of this contention.

Appellant objected to the court's charge because it failed to

charge on circumstantial evidence. We refer to the facts herein-before stated and conclude that no such charge was required.

He further contends that there is a variance between the information and the proof as to the name of the woman pro-cured. The information charged that the appellant procured "Judy Hendricks." The two state's witnesses testified that they arrested "Judy Lee Hendriks." The addition of a middle name does not constitute a variance. The state's case is not affected in any way by the appellant's testimony that he procured "Joyce Hendricks."

Appellant's motion for rehearing is overruled.

DAVIDSON, Judge, dissenting on Motion for Rehearing.

Upon the original disposition of this case, I dissented upon the grounds that the statement of facts should be considered and that, when considered, would show that the evidence was insuff-ficient to sustain the conviction.

The statement of facts, being now considered, renders no longer relevant my dissent in that respect, and that dissent is now withdrawn.

I remain convinced, however, that the facts do not warrant this conviction and, therefore, for that reason, I respectfully enter my dissent to the affirmance of this case.

By Art. 718, C.C.P., the legislature decreed that a conviction could not be had upon the uncorroborated testimony of an ac-complice. Such statute is a part of our original code and has been enforced, with variance, by the courts throughout the years.

An accomplice, within the meaning of that statute, is one who either as a principal, accomplice, or accessory is connected with the crime by unlawful act or omission on his part transpiring either before, at the time of, or after the commission of the of-fense, whether or not he was present and participated in the crime. The authorities attesting that definition are numerous and are collated under Art. 718, Vernon's C.C.P.

An accomplice, then, is one who, before the act is done, ad-vises, commands, or encourages another to commit the offense. Art. 70, P.C.

I maintain that any man who hires, employs, advises, or encourages a Negro porter of a hotel, motel, or tourist court to solicit a female to visit him in his room in order that he might engage in an unlawful act of intercourse with the female is just as guilty, in the eyes of the law, of a violation of the procuring statute (Art. 525, P.C.) as is the Negro porter who makes the solicitation for him.

The mere solicitation of the female for the unlawful purpose completes the offense of procuring. It is not necessary that an act of intercourse result, or that the female accept the solicitation. Denman v. State, 77 Texas Cr. R. 395, 179 S.W. 120.

This conviction, in my opinion, rests upon the uncorroborated testimony of a witness who admitted that he engaged a Negro porter to do for him the very acts above described.

Here are my reasons for that conclusion:

The information charged that appellant procured "Judy Hendricks, to visit and be at Cabin 14 of the Dal-Hi Motor Courts . . . for the purpose of meeting and having unlawful sexual intercourse with a male person."

The purpose of the vice squad or division of the police department of the City of Dallas is to apprehend violators of the law relating to vice. The particular squad here involved was composed of Patrolman Turrigiano and Detectives Smith and Magness. Their concerted effort, as Turrigiano testified, was "to go to the Dal-Hi Tourist Courts to check a procuring case on the porter there." That plan was carried out in the following manner:

As an undercover agent, Turrigiano, dressed in a sports shirt and slacks and with nothing about him to indicate he was a police officer, went to the Dal-Hi motel in a taxicab. Upon arrival he was met by the appellant, a Negro porter at the motel, who greeted him by asking, "Can I help you?" The officer replied, "Yes, is there any chance of getting a girl?" Appellant answered, "'Yes, I believe I can. Pay off the cab." Turrigiano went to the office, registered under an assumed name, and was assigned to Cabin 14. Appellant escorted the officer to the cabin. Upon entering, they found a soldier asleep therein and asked him to leave. Turrigiano then inquired "if there was any possibility of getting a drink of any type of liquor." Appellant told him it would cost him three dollars, with instructions to bring the whisky to the cabin before he brought the girl. Appellant

left and shortly returned with the whisky, advising that "A girl will be here in just a couple of minutes." Appellant again left the cabin and in approximately two minutes Judy Lee Hendricks came to the cabin, unaccompanied. Turrigiano admitted her into the cabin and inquired of her, "Are you the one that the porter sent?" She replied in the affirmative. In the conversation that ensued, the price for sexual indulgence was discussed.

Turrigiano then called from a telephone in the cabin to the dispatcher of the police department to have his partners, Detectives Smith and Magness, pick him up at Cabin 14. The officers soon arrived and arrested and took into custody Judy Lee Hendricks, the appellant, the manager of the motel, and two other women, one of whom was found in Cabin 16 of the motel.

It is upon this testimony that this conviction rests.

Appellant testified that he knew Turrigiano was a policeman and that it was with full knowledge of that fact that, at his (the officer's) request, he called a girl for him by the name of "Joyce Hendricks."

There is no evidence that the Judy Hendricks, as named in the information and who was found in the cabin with Turrigiano, was Joyce Hendricks. According to their names — and this is all we have to go by — they are two separate and distinct persons.

It is evident, therefore, that outside of the testimony of Turrigiano there is no evidence that appellant procured Judy Hendricks to visit Cabin 14 for the purpose of engaging in an act of sexual intercourse with him (Turrigiano).

If Turrigiano is an accomplice witness under the law, this conviction cannot stand, because he is not corroborated as to the essential elements which would show appellant guilty of the offense charged in the information.

Appellant insists that Turrigiano is an accomplice witness because of entrapment. This is not the question.

The question is whether Turrigiano, under the facts, is an accomplice by reason of having made appellant, whom he advised and encouraged to commit the act of procuring for him, his agent in the unlawful enterprise.

· In this connection it must be remembered that the procuring statute under which this prosecution was obtained (Art. 525, P.C.) makes it unlawful for any person to procure a female to be at any place for the purpose of having unlawful sexual intercourse with a male person. So then when the patrolman constituted the Negro porter, as his agent and in his behalf, to violate the statute, he is just as guilty in the eyes of the law as was the appellant.

There is no escape from the conclusion that Turrigiano was an accomplice witness whose uncorroborated testimony will not sustain a conviction. The fact that he did not intend to engage in an act of sexual intercourse with the female does not affect the rule. In Dever, et al, v. State, 37 Texas Cr. R. 396, 30 S.W. 1071, the rule is announced that if one, by his acts and conduct, encourages another to commit a crime, he is an accomplice even though he intended to have another person punished for the commission of the offense. See, also, Davis v. State, 70 Texas Cr. R. 524, 158 S.W. 288.

The rule was also applied to the early draft of the so-called Dean Law (Chap. 78, Acts of the 36th Legislature, Second Called Session) prohibiting the sale of intoxicating liquor in this state. That act did not exempt the purchaser of intoxicating liquor but made him guilty of violating the act by the purchase. It was held that under such act the purchaser was an accomplice witness to the act of the seller and that his (the purchaser's) testimony was required to be corroborated. Franklin v. State, 88 Texas Cr. R. 342, 227 S.W. 486.

The fact that the state, here, elected to prosecute the Negro porter rather than the patrolman did not change the situation.

There is not a line of testimony other than that of the witness Turrigiano that Judy Hendricks, the female named in the information, came to, visited in, or was procured to come to the cabin because of or by reason of any act on the part of the appellant.

Judy Hendricks was arrested and taken into custody by the officers at the time the alleged offense was committed. If appellant solicited or procured her to be at the motel, as the state claims, her testimony would have been very material and would have furnished the corroboration necessary to support that of the witness Turrigiano. The fact that the state did' not call her as a witness nor make any effort to explain the failure to do so

strongly suggests that Judy Hendricks would not have supported the state's case.

Appellant's guilt depends, here, upon the uncorroborated testimony of an accomplice.