RICHARD PERCY WILLIAMS V. STATE

No. 28,768. January 23, 1957.

*Irwin* and *Irwin* and *T. K. Irwin, T. K. Irwin, Jr., George W. Irwin,* and *R. T. Scales,* Dallas, for appellant.

*Henry Wade,* District Attorney, *George P. Blackburn* and *Harold G. Clark, Jr.,* Assistants District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

The offense is procuring; the punishment, a fine of $50 and thirty days in jail.

Officer Riddle, of the special service bureau of the Dallas police department, testified that he checked into the Lawrence Hotel on the night in question and was taken to his room by bellhop Helton; that some thirty minutes later he called the desk and asked for a bellhop; and that the appellant then came to his room. Riddle stated that he asked appellant to get a girl for him; that appellant refused at first but finally agreed and said that one would be there in about fifteen minutes.

Following this, a woman appeared at his room and asked, "Did you want a girl?" A discussion ensued as to the price of her sexual favors, after which Riddle arrested her. He then called down to the desk and asked that the bellboy who had

previously been in his room return. When appellant came to his room, he was also arrested.

On cross-examination, Riddle admitted that he had later learned that Helton had a record for procuring and for possessing narcotics but denied that he had talked to him about a girl when Helton carried his bag to his room. He admitted telling Helton he was a school teacher from Oklahoma, and told him his purpose in coming to Dallas. He stated that when appellant came to his room he (Riddle) inquired about Helton and that appellant told him Helton had gone off duty.

It was shown that the girl was charged with vagrancy but that she had given the police an address which they knew to be fictitious and that, though subpoenaed by the defense, she was not present at the trial.

Testifying in his own behalf, appellant stated that he had been a porter at the Lawrence Hotel for twelve years and had never procured a woman or had any connection with prostitution whatsoever. He offered several character witnesses who supported his reputation for truth and veracity and for being a peaceable law-abiding citizen. The state introduced no rebuttal testimony on this issue.

Appellant stated that he saw Riddle check into the hotel and saw Helton take him to his room; that shortly thereafter Helton left the hotel; and that Riddle later called him to his room and told him that Helton had promised to get a girl for him but that she had not come and that Riddle then asked him (appellant) to get one and he refused to do so. Appellant stated, further, that Riddle kept insisting and that he then said to Riddle, in an effort to get away from him, "Well, I'll see what I can do," but that he never intended to call any woman and did not do so. He stated that he had never seen the woman who was arrested with him until that night and did not know who she was.

Though Riddle stated that he made only one outside call from the hotel room, the records of the hotel, introduced in evidence, showed that two calls had been made.

The sufficiency of the evidence to support the conviction is challenged.

Our conclusion, not reached without some difficulty, is that appellant's contention must be sustained.

When considered in the complete absence of any testimony that appellant, in fact, called the woman in question, the peculiar facts in the instant case leave an outstanding hypothesis either that Helton called the woman or that she went to Riddle's room of her own volition.

The state failed to overcome either of these two outstanding hypotheses, and we find the evidence insufficient to support the conviction.

We have reviewed the facts in many cases relating to this same offense and find additional facts not present in this case. In some of the cases the call was made in the presence of the officer; in others, the procurer returned to the room and told the officer that the woman was on the way there; while, in others, the woman stated upon her arrival that she was sent by the accused. No such facts are before us, here.

The judgment is reversed and the cause is remanded.

WOODLEY, Judge, dissenting.

Counsel for appellant, in their brief, contend that Officer Riddle was an accomplice witness and, because his testimony was not corroborated, say that the evidence is insufficient to sustain the conviction. They say further: "The crux of the matter lies in his (Officer Riddle's) connection to a prior act—an act of solicitation—which, under his (Riddle's) undisputed testimony, was made for him by his own agent. See Dever v. State, 37 Texas Cr. Rep. 396, 30 S.W. 1071."

The majority do not find it necessary to pass upon whether Officer Riddle was an accomplice witness, but conclude that, though not an accomplice, his testimony is insufficient to show that an act of solicitation was made by appellant for him. This conclusion is not advanced by appellant and is not one to which the writer can agree.

The court submitted the case to the jury on circumstantial evidence and though no witness testified to hearing appellant solicit the prostitute, the testimony of Officer Riddle the writer deems sufficient to support the jury's finding that he did, unless Riddle was an accomplice witness. On the other hand, if Riddle was an accomplice witness the necessary corroboration of his testimony is lacking and the evidence is not sufficient to sustain the conviction.

Riddle testified that he went to the Lawrence Hotel because he had prior information that prostitutes were working there.

According to the testimony the officer was attempting by artifice to apprehend prostitutes and whoever was abetting prostitution at the Lawrence Hotel, one of whom proved to be appellant.

Testimony to the effect that the officer had information that prostitution was being practiced at the hotel was introduced to show the purpose of the officer in going there. The testimony was admissible for such purpose, and under these facts Officer Riddle was not an accomplice. Thomas v. State, 163 Texas Cr. Rep. 308, 290 S.W. 2d 680.

The testimony of Officer Riddle shows that the female alleged to have been procured opened the door and entered the room where he was waiting some fifteen minutes after appellant had told him he thought he could get him a girl, and that she would be there in about fifteen minutes. It further shows that upon entering the room without knocking, the female said "Do you want a girl?", and proceeded to discuss the price of her sexual favors.

There are certain statements in the majority opinion which indicate that Officer Riddle's testimony was impeached, such as by testimony contrary to his that two telephone calls had been made and that he had asked another bell boy to get him a girl. I would call attention to the fact that in passing upon the insufficiency of circumstantial evidence this court is bound to consider the evidence in the light most favorable to the state, and that the credibility of the witnesses and the weight to be given their testimony are for the jury. The court so instructed the jury in his charge.

The majority opinion also appears to overlook the fact that the jury was not bound to accept appellant's testimony or any part thereof as true, and apparently they did not.

Viewed in the light most favorable to the state, the evidence should be held sufficient to sustain the conviction.