ALEX HERNANDEZ RUBIO V. STATE

No. 28,821. February 13, 1957.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) March 27, 1957.

*Dalford Todd,* Dallas, for appellant.

*Henry Wade,* Criminal District Attorney, *Ben F. Ellis* and *George P. Blackburn,* Assistants District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is procuring; the punishment, six months in jail and a fine of $50.00.

Officer Kaminski of the special service bureau of the Dallas Police Department testified that he and his fellow officers Hayles and Gilmore checked in at the Tower Motel at approximately 7:45 P.M. on the night in question; that shortly thereafter they left the motel and returned at approximately 11:00 P.M., at which time he ordered three beers, and when the bellboy Mike brought the beer he asked him if he had any girls; that Mike told him to go to a certain cabin, where he would find some. He stated that he followed Mike's directions but did not find any girls and returned to his cabin. Sometime later, he ordered some more beer, and the appellant delivered it this time; he asked the appellant if he could "fix us up with some girls," and the appellant replied that "he sure could." Sometime later, he called the appellant, remonstrated about the delay, and the appellant replied, "They will be on their way." Still later, the appellant called their cabin on the telephone and reported, "This is Alec * * * the girls will be right up." Shortly after this, two women presented themselves at the cabin, and when Kaminski asked them if they had been sent by the porter they replied that "Alec" had sent them. The officer testified that he did not come in contact with anyone else by the name of "Alec" at the motel that night. A conversation ensued concerning the price for their sexual favors, and all the parties were arrested.

Officer Gilmore testified and corroborated Kaminski's testimony.

The appellant, testifying in his own behalf, stated that when he delivered the beer to the cabin occupied by the officers he found them playing cards, that they told him to have Mike come to their cabin, that he inquired what they wanted with Mike, and one of them replied that Mike had promised to get them some girls but that none had come. Appellant admitted that he told the officers that "the other porter couldn't fix you up because those girls that he's fooling around with are my girls" and that he would get some for them, but contended that he said this to keep from offending the customers and that he

returned to his duties and called no one. He stated that he had noticed some women about the motel that night and had ordered one of them to leave and that he did not know the Doris Bishop who he was charged with procuring and saw her for the first time when he was arrested.

One Rios, the operator of the switchboard at the motel on the night in question, testified that the appellant made no outside calls through his board that night.

The jury resolved the conflict in the testimony against the appellant, and we find the evidence sufficient to support the conviction.

We shall discuss the contentions advanced in the appellant's brief.

The appellant first contends that the state did not prove the allegation in the indictment that the appellant procured one Doris Bishop. The officers testified that after she was arrested one of the women gave her name as Doris Bishop and that he remembered having heard such name around the police headquarters. This, we think, established a prima facie case of identity.

The appellant next contends that the evidence raises the issues of entrapment and whether or not the officers were accomplices. Reliance is had on Cooper v. State, 162 Texas Cr. Rep. 624, 288 S.W. 2d 762. Brown v. State, 162 Texas Cr. Rep. 85, 282 S.W. 2d 224, and Mayes v. State, 162 Texas Cr. Rep. 195, 282 S.W. 2d 709 (both of which were affirmed), are cited and distinguished. Let us now see if the facts before us here bring into operation the rule announced in Cooper.

The testimony of the officers clearly did not raise the defense of entrapment, and the appellant denied that he committed the act. Under such a state of facts, the defense of entrapment has not been raised. But, because of the seeming confusion over the defense, we shall discuss the Cooper case again briefly. In that case, the accused admitted that he called the porter named Washington in an effort to secure some girls for the officers but stated that he was not in the business of procuring, knew no prostitutes, and that the arresting officers were the first persons to mention the subject of procuring to him. This court held that such testimony presented an issue as to whether the accused "was in the business" or whether the officers by their in-

ducement caused him to commit a criminal act which he would not have committed except for such inducement.

The testimony of the appellant before us here does not raise such an issue. It constitutes merely a denial of guilt.

The officers were not accomplice witnesses. Thomas v. State, 163 Texas Cr. Rep. 308, 290 S.W. 2d 860.

We find no merit in the appellant's contention that reversible error is reflected by the admission into evidence of testimony concerning the other woman who came to the cabin with Doris Bishop or the statements made by the appellant to the effect that "those girls" are "my girls." All this testimony related to and was a part of the act of procuring Doris Bishop charged in the information.

Finding no reversible error, the judgment of the trial court is affirmed.