ALFRED E. MARRERO V. STATE

No. 28,999. May 15, 1957.

No attorney for appellant of record on appeal.

*Les Procter*, District Attorney, *David S. McAngus*, Assistant District Attorney, and *Leon Douglas*, State's Attorney, all of Austin, for the state.

MORRISON, Presiding Judge.

The offense is murder; the punishment, 50 years.

No brief has been filed herein on behalf of the appellant. The state challenges our consideration of the statement of facts on file because the same was filed too late. We shall consider the state's contention. Appellant gave notice of appeal on November 27, 1956, at the time his motion for new trial was overruled. He again gave notice of appeal on December 21, 1956,

but no effort was made to withdraw the original notice of appeal. The statement of facts herein was filed in the trial court on March 11, 1957.

Article 759a, Section 4, V.A.C.C.P., provides that the defendant shall file the statement of facts in the trial court within 90 days after the date of giving notice of appeal.

In construing the law which controls a situation similar to the one before us here, in the relatively recent case of Tarwater v. State, 160 Texas Cr. Rep. 59, 265 S.W. 2d 83, Judge Davidson, speaking for the court, said: "It is the holding of this court that the first notice of appeal shall control."

See also Stephens v. State, 161 Texas Cr. Rep. 70, 274 S.W. 2d 829, and Brown v. State, 162 Texas Cr. Rep. 85, 282 S.W. 2d 224.

Article 827, V.A.C.C.P., provides that an appeal is taken by giving notice in open court at the term at which the conviction is had, and having the same entered of record.

Article 829, V.A.C.C.P., provides that if an appeal is not taken until after sentence is pronounced, the appeal may nevertheless be allowed.

In Gossett v. State, 162 Texas Cr. Rep. 52, 282 S.W. 2d 59, we said:

"Since the enactment of Art. 834 of the 1895 Code Crim. Proc. (Vernon's Ann. C.C.P. Art. 769), a sentence is requisite to the appeal in ordinary felony cases, and notice of appeal may be given either before or after sentence is pronounced."

This being the law, the statement of facts herein was filed too late for consideration under the statute.

No formal bills of exception or objections to the charge appear in the transcript, and we find no informal bills in the statement of facts.

All proceedings appear to be regular, and nothing is presented for review.

The judgment is affirmed.