JAMES CLIFFORD PARKS V. STATE.

No. 29,564. February 5, 1958.
Appellant's Motion for Rehearing Overruled
June 18, 1958.

*Anderson, Latham & Castledine,* Wichita Falls, for appellant.

*L. T. Wilson,* District Attorney, Wichita Falls, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The offense is murder; the punishment, 20 years confinement in the penitentiary.

At the outset we are confronted with the question of whether we can consider the statement of facts and bills of exception on file in the cause.

The state prays that we not consider the same on the ground that they were not filed within the time required by law.

The record reflects that notice of appeal was given by appellant on July 2, 1957, which notice was incorporated in the sentence of the court pronounced on such date and duly entered of record in the minutes of the court.

On July 9, 1957, motion for new trial was filed by appellant which the trial court testifies was subsequently overruled. A photostatic copy of the trial judge's docket sheet appears in the transcript which contains a notation of the judge thereon showing that the motion for new trial was overruled on August 7, 1957, and that on such date appellant gave notice of appeal.

The statement of facts and bills of exception appearing in the record were filed in the trial court more than 90 days after the first notice of appeal was given on July 2, 1957.

Article 759a, sec. 4, V.A.C.C.P., provides that the statement of facts shall be filed with the clerk of the trial court within 90 days after the date of giving notice of appeal. Article 760d, V.A.C.C.P., provides that a defendant in a criminal prosecution shall have 90 days after the giving of notice of appeal in which to prepare and file his bills of exception.

It has been the consistant holding of this court that where two notices of appeal appear in the record, the first notice shall control in determining whether the statement of facts and bills of exception were filed within the time required by law. Tarwater v. State, 160 Texas Cr. Rep. 59, 265 S.W. 2d 83; Stephens v. State, 161 Texas Cr. Rep. 70, 274 S.W. 2d 829; Brown v. State, 162 Texas Cr. Rep. 85, 282 S.W. 2d 224 and Marrero v. State, 164 Texas Cr. Rep. 626, 302 S.W. 2d 134.

Appellant contends that the first notice of appeal was withdrawn and therefore the second notice of appeal should control.

The record does not reflect that appellant made any request to withdraw the first notice of appeal. There is no showing in the record that the first notice was ever withdrawn and in the absence of such a showing the first notice remains controlling. Stephens v. State, supra.

Appellant also contends that the statement of facts, though not filed within the 90 day period, should be considered under the authority of Widener v. State, 159 Texas Cr. Rep. 256, 262 S.W. 2d 400 and Baird v. State, 162 Texas Cr. Rep. 589, 288 S.W. 2d 67, in which it is held that the 90 days allowed for filing a statement of facts has no application to a statement of facts prepared and certified by the trial judge after the parties have been unable to agree. The contention is without merit as the rcord does not reflect that the statement of facts filed in the case was prepared and certified by the trial judge under the provision of Art. 759a, supra, after the parties had been unable to agree on a statement within 75 days after notice of appeal was given.

The statement of facts and bills of exception, not having been filed within 90 days from the date of the first notice of appeal, cannot be considered. Thompson v. State, 286 S.W. 2d 933; Crawford v. State, 164 Texas Cr. Rep. 609, 301 S.W. 2d 173 and Reynolds v. State, 165 Texas Cr. Rep. 181, 306 S.W. 2d 134.

Under the record we are unable to find, as urged by appellant, that the delay in filing the statement of facts was not the result of any negligence or laches on his part and therefore the same should be considered. The affidavit appearing in the record of appellant's inability to pay for a transcript of the evidence is not shown to have been called to the court's attention and acted upon by him. Furthermore, the affidavit is shown to have been taken before appellant's counsel and for such reason could not be considered. Bell v. State, 129 Texas Cr. Rep. 551, 89 S.W.

2d 995. The record further reflects that it was not until after the 90 days had elapsed that appellant resorted to legal means to compel the court reporter to prepare the statement of facts. Such delay shows a lack of diligence on the part of appellant to secure and file the statement of facts within the time required by law.

In the absence of a statement of facts and bills of exception which may be considered we are unable to pass upon the contentions urged by appellant.

All proceedings appear to be regular and nothing is therefore presented for review.

The judgment is affirmed.

Opinion approved by the Court.

DAVIDSON, Judge, dissenting.

When, on August 7, 1957, the trial court heard and overruled the motion for new trial filed on July 9, 1957, which was seven days after the notice of appeal had been given upon the passage of sentence on July 2, 1957, and entered of record another—or second—notice of appeal, he automatically set aside the first notice of appeal. The last notice of appeal, therefore, became the notice of appeal in this case.

My views upon this matter are contained in my dissenting opinion in Heath v. State, 161 Texas Cr. Rep. 323, 276 S.W. 2d 534.

Appellant, here, was entitled to have his statement of facts considered. This conviction carrying a sentence of twenty years ought not to be affirmed without consideration being given thereto.

I dissent.

ON APPELLANT'S MOTION FOR REHEARING

BELCHER, Judge.

Our opinion on appellant's first motion for rehearing is withdrawn.

Except for the return of the verdict of the jury, the following occurred within the same term of court.

The jury returned its verdict June 29, 1957. The sentence was prouounced July 2, and notice of appeal was given on that date and entered of record. Motion for new trial was filed by appellant on July 9.

Though the trial judge declined to sign the order overruling the motion for new trial to which was appended a second notice of appeal, the instrument found its way into the minutes of the court.

It thus appears that there are two notices of appeal in the record, both given at the term of court during which the motion for new trial was overruled and sentence pronounced.

Under the authorities cited in our original opinion the statement of facts and bills of exception must be filed within 90 days after the date of the first notice of appeal. Therefore, the statement of facts or bills of exception, not having been filed within 90 days from July 2, 1957, cannot be considered. Stephens v. State, supra.

We need not rest our decision upon the late filing of the statement of facts, however, for there is none certified to contain all of the evidence adduced on the main trial. In fact what purports to be the last volume of the statement of facts was not filed in the trial court and bears no approval of the trial judge or agreement of counsel.

Appellant's second motion for rehearing is overruled.

Opinion approved by the Court.