**Ozell PORTER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47354.**

Court of Criminal Appeals of Texas.

Feb. 13, 1974.

Rehearing Denied March 6, 1974.

John T. Montford, Lubbock, for appellant.

Alton R. Griffin, Dist. Atty., & John E. Terrill, Asst. Dist. Atty., Lubbock, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for procuring wherein the punishment was as-

sessed by the jury at confinement in the county jail for six (6) months and a fine of two hundred dollars ($200). See Article 525, Vernon's Ann.P.C.

■ At the outset the appellant challenges the sufficiency of the evidence to sustain the conviction.

The record reflects that about 3 p.m. on July 17, 1972, Officer Don Powell of the Lubbock City Police Department went to the Lubbock Motor Lodge where he was checked into a room by the appellant Porter. Powell was not in uniform, acting as an undercover agent to investigate prostitution at the motel. He arrived in a vehicle bearing the name of a construction company and he carried a six pack of beer to the room with him. After Powell was shown to his room, the appellant initiated the conversation and asked if he could get Powell a girl. Powell inquired what kind of girls were available and the appellant stated, "I have white, Spanish and colored." Thereafter, Powell responded, "Well, how about a nice looking Spanish girl." Thereafter, the conversation ensued as to the "going price" while the appellant and Powell drank two beers apiece, with Powell being informed the price was $15 to $20. When the appellant asked if he wanted a girl at that time, Powell said he would "rest a bit" and talk about it later. After appellant left, Powell informed Officer Bailey waiting outside the motel by walkie talkie that he was in Room 35. Thirty minutes later he called the front desk and talked to the appellant and told him he was ready for the girl. Appellant then came to the room, looked through the room and bathroom as if he was searching the room and then drank another beer. Powell inquired how long it would be before the girl arrived, but the record does not reflect appellant's response, if any. Ten or fifteen minutes after appellant left, Mary Garcia, an eighteen year old Spanish female, whom Powell knew to be a prostitute living at the motel, knocked on the door and Powell admitted her. They agreed on a price of $15

for her sexual favors and as she was taking off her shoes Officer Bailey, who had observed her go to the room, knocked on the door, was admitted by Powell and arrested the woman, and after placing her in the custody of another officer returned to the front desk and arrested the appellant.

No testimony was offered by the appellant.

Williams v. State, 164 Tex.Cr.R. 190, 297 S.W.2d 839 (1957), is relied upon by the appellant. In Williams the undercover agent checked into a hotel and was taken to his room by Helton, a bellhop, whom the officer later learned had a record for procuring. Thirty minutes later the agent called the front desk and asked for a bellhop and Williams appeared and the agent asked him to get a girl, which Williams refused to do, but finally relented and said one would be there in fifteen minutes. When a woman appeared at the room, a price for sexual favors was agreed upon and then the agent arrested her and called the desk asking for the bellhop who had previously been to his room and arrested Williams.

Williams testified he had never been involved in procuring in his twelve years as a bellhop, had told the agent he would get him a woman just to get away from the man, that he did not know the woman involved and had not seen her until the time of the arrest.

In reversing the court said:

"When considered in the complete absence of any testimony that appellant, in fact, called the woman in question, the peculiar facts in the instant case leave an outstanding hypothesis either that Helton called the woman or that she went to Riddle's room of her own volition."

In the instant case Powell went to the motel after receiving information that the appellant was engaged in procuring. The appellant initiated the conversation about a

girl and informed Powell of the "going price." When later called at the desk the appellant came and searched the room and the woman arrived ten or fifteen minutes later, being a Spanish woman as Powell had requested of the appellant.

We conclude the evidence is sufficient to distinguish the case from Williams and to sustain the conviction. The facts of the instant case are far more like the facts of Dabney v. State, 159 Tex.Cr.R. 494, 265 S. W.2d 603 (1954), where the conviction was affirmed.

Appellant's first ground of error is over-ruled.

Next, appellant complains of the court's failure, over timely objection, to instruct the jury to acquit him unless they found "beyond a reasonable doubt that Mary Garcia did not go to the room in which officer Powell was located by her own volition."

While asserting the issue was clearly raised by the State's evidence, appellant fails to point out what evidence he considers raises such defensive matter.

Be that as it may, we observe that the court in its main charge instructed the jury to acquit the appellant unless they found from the evidence, beyond a reasonable doubt that the appellant "did then and there unlawfully invite, solicit, procure and allure a female . . . ."

We fail to find how appellant was harmed by the court's action. See Article 36.19, Vernon's Ann.C.C.P.

The two remaining grounds of error relate to claims that the prosecutor in argument commented on the appellant's failure to testify. The same has been examined and found to be without merit, and we conclude a discussion of the same is unnecessary.

The judgment is affirmed.