Brenda Faye RANSOM, Appellant,

v.

The STATE of Texas, Appellee.

No. 07-81-0024-CR.

Court of Appeals of Texas, Amarillo.

March 30, 1982.

Russell Busby, Amarillo, for appellant.

John H. Tull, Jr., County Atty. Pro-Tem., John L. Owen, Dale Elliott, Asst. County Attys., Amarillo, for appellee.

Before REYNOLDS, C. J., and COUNTISS and BOYD, JJ.

COUNTISS, Justice.

The offense is prostitution enhanced by a prior prostitution conviction. Tex.Penal Code Ann. § 43.02, (Vernon Supp.1981). Punishment is confinement in jail for one year and a fine of $2,000.00. We affirm.

Acting on information that prostitution was being practiced in a residence in Amarillo, three law enforcement officers, hereafter referred to as Robert, Mike and Louis, donned civilian clothes, purchased some beer, procured a Cadillac and went to the residence. Robert went to the door and knocked, and appellant, dressed in a negli-

gee, answered the door. Robert told appellant that Freddie the cab driver had sent him and asked if she knew where they could find some women. Appellant said they had come to the right place and sent them to the side door. Mike and Louis then joined Robert and they entered the residence. Mike went back to the car, however, because he recognized appellant from a previous encounter and was afraid she would remember him. Robert, Louis and appellant then engaged in a conversation. Eliminating the street vernacular, appellant asked Robert and Louis what they wanted, they replied that they were looking for sex and she asked them to display their male sex organs so she could be sure they were not "the law."[1] The officers complied with appellant's request and money was then discussed. There is some inconsistency in the evidence concerning the initial mention of money. Robert testified on direct examination that Louis asked appellant "how much is it" and appellant replied that it would be $50 each. On re-direct, he testified appellant mentioned money before Louis did. Louis testified that appellant stated her price immediately after he told her what the men were seeking.

After the price was settled, Louis and Robert identified themselves as police officers and arrested appellant. She was charged under § 43.02(a)(1), Tex.Penal Code Ann. (Vernon Supp.1981), with offering to engage in sexual conduct for a fee, enhanced to a Class A misdemeanor under § 43.02(c), Tex.Penal Code Ann. (Vernon Supp.1981), because of a prior prostitution conviction. The jury convicted appellant and assessed the maximum punishment.

After sentencing, she perfected her appeal to this court with five grounds of error.

Appellant's grounds, in the order of her presentation and our consideration are that the trial court erred in (1) refusing to conclude that she was entrapped as a matter of law; (2) granting a motion in limine that improperly restricted her voir dire examination; (3) excusing a prospective juror for cause; (4) admitting testimony, at the guilt or innocence phase of the trial, on the punishment appellant received in her prior prostitution conviction; and (5) denying a mistrial after a State's witness interjected an extraneous offense.

 The entrapment defense[2] advanced by appellant is permitted under § 8.06(a), Tex.Penal Code Ann. (Vernon 1974), which states:

(a) It is a defense to prosecution that the actor engaged in the conduct charged because he was induced to do so by a law enforcement agent using persuasion or other means likely to cause persons to commit the offense. Conduct merely affording a person an opportunity to commit an offense does not constitute entrapment.

Under U.S. Constitutional standards and Texas law, entrapment as a matter of law[3] occurs when the government representative implants the criminal design in the mind of the defendant and induces the commission of the crime in order to prosecute. *United States v. Russell*, 411 U.S. 423, 425, 93 S.Ct. 1637, 1639, 36 L.Ed.2d 366 (1973); *Redman v. State*, 533 S.W.2d 29, 32 (Tex.Cr.App. 1976). Our statute embodies the "objec-

---

**1.** Robert explained that prostitutes often use this procedure because police officers usually are not willing to expose themselves. The trial court denied the request of appellant's counsel to have the officers demonstrate the actual procedure to the jury but permitted a simulated demonstration. Apparently, those who practice the oldest profession can no longer depend on a modesty check. *See, e.g., West v. State*, 626 S.W.2d 159, 160 (Tex.App.—Beaumont, 1981).

**2.** The defense of entrapment is not available to a defendant who specifically denies commission of the offense, for the obvious reason that

the defendant could not have been entrapped if he did not commit the offense. However, the defendant who pleads not guilty but does not testify or otherwise offer evidence inconsistent with the commission of the crime is not precluded from relying on the defense. *Norman v. State*, 588 S.W.2d 340, 345 (Tex.Cr.App.1979). *See United States v. Groessel*, 440 F.2d 602, 605 (5th Cir. 1971).

**3.** The trial court charged the jury on entrapment, thus submitting the issue as a fact question.

tive" test for determining entrapment, *Norman v. State*, 588 S.W.2d 340, 346 (Tex.Cr. App.1979), whereby we consider only the nature of the police activity involved, without regard to the criminal tendencies of the defendant.[4]

■ When the objective test is applied to the evidence in this case, it is apparent that the appellant was not entrapped as a matter of law. The crime in question is committed when a person offers to engage in sexual conduct for a fee. There is evidence that the officers, posing as men out for an evening on the town, simply stated a general desire for sex and appellant then offered sex for a price. The officers' activity falls far short of implanting the criminal design in appellant's mind or inducing her to commit the crime. *See Redman v. State*, 533 S.W.2d 29 (Tex.Cr.App.1976); *Bolick v. State*, 165 Tex.Cr.R. 493, 309 S.W.2d 74 (1958); *Dabney v. State*, 159 Tex.Cr.R. 494, 265 S.W.2d 603 (1954). Although there is also evidence that an officer made a direct overture to appellant and first mentioned money, and assuming arguendo that uncontroverted evidence of a direct overture could be entrapment as a matter of law, the evidence to the contrary creates a fact question. Thus, the trial court correctly submitted the matter to the jury. By finding appellant guilty the jury resolved the question against appellant and we cannot disturb that implied finding. Ground of error one is overruled.

■ In her second ground of error, appellant states that her voir dire examination was improperly restricted by the court when it granted a motion in limine presented by the State. The denying or granting of a motion in limine, standing alone, cannot create reversible error. *Romo v. State*, 577 S.W.2d 251, 252 (Tex.Cr.App.1979). The specific activity to which the motion is directed must actually be attempted and either permitted or prohibited by the court, and a proper record thereof made, before there is anything for the appellate court to

review. In this case we have searched the record and do not find any restriction on appellant's voir dire examination in the area that was the subject of the motion, nor has appellant referred us to such material in the record. Thus, no error is demonstrated. Ground of error two is overruled.

By her third ground of error, appellant contends a member of the jury panel was erroneously excused after the State had improperly committed her to the specific fact situation that existed in this case. During the voir dire examination, the State's counsel outlined some of the pre-arrest activities of the officers and asked if any juror would be so offended by such conduct that he or she would find appellant not guilty "regardless of whether or not the State had met its burden." The following discussion then occurred between the State's attorney and the juror in question:

[JUROR]: Would you repeat that?

[STATE'S ATTORNEY]: That if knowing a policeman did this, would that affect your verdict of guilty or innocent; would it offend you so much—

[JUROR]: That he did that in order to prove his point? Yes, I would be highly offended.

[STATE'S ATTORNEY]: Okay. Would it affect you so much that regardless of whether the State had met its burden of proof, you would find the Defendant not guilty?

[JUROR]: I would find her not guilty, yes.

\* \* \* \* \* \*

[STATE'S ATTORNEY]: You wouldn't be completely fair to the State if the facts developed that way, and you would find the Defendant not guilty?

[JUROR]: I probably wouldn't be fair. I would just let my personal opinion and knowledge enter into it.

[STATE'S ATTORNEY]: What you are saying is you couldn't abide by the laws of the State of Texas?

---

4. A comprehensive discussion of the objective and subjective legal tests for determining entrapment is set out in the panel opinion in

*Langford v. State*, 571 S.W.2d 326, 328 (Tex.Cr. App.1978), later overruled en banc. 578 S.W.2d 737 (Tex.Cr.App.1979).

[JUROR]: Probably not. Probably I would be overcome by what I consider fairness, what I consider just, oh, just opinion knowledge of happenings, I would probably let it interfere and possibly not be a law-abiding citizen.

■ Under article 35.16(a)8, a juror may be excused for cause if "he has a bias or prejudice in favor of or against the defendant." The obvious purpose of the provisions is to guarantee fair and impartial jurors for both the State and the defendant. When a juror expresses an inability to be fair and impartial to the State, that juror is expressing a bias for the defendant and is properly excused under article 35.16(a)8, Tex.Code Cr.P.Ann. (Vernon Supp. 1981). See Noah v. State, 495 S.W.2d 260, 264 (Tex.Cr.App.1973); McCary v. State, 477 S.W.2d 624, 628 (Tex.Cr.App.1972).

■ We do not perceive the State's questions as an improper attempt to commit the juror to a specific set of facts. See Hughes v. State, 562 S.W.2d 857 (Tex.Cr. App.1978). The State was simply attempting to ascertain the jury panel's reaction to the events preceding the arrest. The juror in question unequivocally expressed her reaction by stating her intent to acquit appellant, be unfair, permit her personal opinion and knowledge to enter into her decision and not abide by the laws of the State of Texas. It is difficult to imagine a juror less qualified to serve and the trial court did not err in sustaining the State's challenge. Ground of error three is overruled.

■ By ground of error four, appellant contends the trial court erred in permitting a former court reporter to testify, during the guilt or innocence phase of the trial, that appellant's punishment when previously convicted of prostitution was 6 months in jail and a $1,000.00 fine. Appellant does not contend that her prior conviction was inadmissible; only that the amount of punishment she received was inadmissible.

In addition to the court reporter's testimony, the trial court also admitted an authenticated copy of the judgment reflecting appellant's prior conviction, which con-tained substantially the same information on punishment to which the court reporter testified. Since no complaint is made in this court about the admission of the prior judgment of conviction containing the same information, reversible error is not demonstrated. See Blansett v. State, 556 S.W.2d 322, 328 (Tex.Cr.App.1977). Ground of error four is overruled.

■ In her final ground of error, appellant contends the trial court erred in refusing to grant a mistrial when a State witness interjected an extraneous offense before the jury. The alleged error occurred during Louis' testimony in the guilt or innocence phase, when he was attempting to explain why Mike returned to the officers' car after appellant admitted them to her house:

Q. At what point did you go to the house?

A. When [Robert] came back and said she would meet us at the side door.

Q. Who went to the side door?

A. All three of us.

Q. What happened when you arrived at the side door?

A. [Mike] recognized the girl and has even handled her before—

Appellant's objection was sustained and her request that the jury be instructed to disregard the remark was granted. However, her motion for mistrial was denied. The statement was made after evidence of her prior conviction had been admitted.

In passing on a closely analogous situation in Campos v. State, 589 S.W.2d 424, 427 (Tex.Cr.App.1979), the Court said:

An accused is entitled to be tried on the accusation in the State's pleadings and he should not be tried for some collateral crime or for being a criminal generally.

* * * * * *

It has been stated that an error in the admission of improper testimony is cured by the trial court's instruction to the jury to disregard, except in extreme cases where it appears that the question or evidence is clearly calculated to inflame the minds of the jury and is of such

character as to suggest the impossibility of withdrawing the impression produced on their minds.

\* \* \* \* \* \*

We find that the trial court's action in sustaining the objection and instructing the jury cured the error concerning appellant's extraneous arrest.

The same result is required here, particularly in view of other evidence already before the jury. The trial court cured the error. Ground of error five is overruled.

The judgment is affirmed.