Clifford S. BLANSETT, Appellant,

v.

The STATE of Texas, Appellee.

No. 52872.

Court of Criminal Appeals of Texas.

Sept. 14, 1977.

Rehearing Denied Oct. 19, 1977.

Buddie J. Hahn, Vidor, for appellant.

Jim Sharon Bearden, County Atty., and Patrick A. Clark, Asst. County Atty., Orange, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an appeal from a conviction for the offense of capital murder. Since the jury answered "No" to the special issues submitted under Article 37.071, V.A.C.C.P., the punishment is imprisonment for life.

A brief summary of the facts, which are without substantial conflict, is necessary. At about 1:00 a. m. on June 28, 1974, Charles Dowden was apprehended and arrested wearing a mask and carrying a gun. He was booked for attempted robbery and placed in the Orange city jail. At approximately 4:00 a. m. on the same morning the appellant and Billy Wayne Dowden went to the Orange city jail and by armed force attempted to release Dowden's brother, Charles. Billy Wayne Dowden was armed with a pistol, and the appellant was armed with a shotgun. Billy Wayne Dowden, followed by the appellant, entered the building and knocked open the door of the dispatcher's office; Billy Wayne Dowden, with the pistol in his hand, announced that he had come to get Charles. Police Captain Danny L. Gray immediately grabbed Dowden and wrestled him back through the door into the hallway outside the dispatcher's office. Dowden freed himself from Gray and a gunshot was heard by the officers inside the dispatcher's office. Dowden then appeared at the dispatcher's window and shot at the officers in the dispatcher's office. A gun battle ensued between Officer Windham, who was in the dispatcher's office, and Dowden, who was outside in the hallway. During the gunfight Captain Gray was shot and killed. It was later determined that the shot that killed Captain Gray was fired from Officer Windham's gun. Windham and the other officers in the dispatcher's office did not see the appellant, although they could hear someone out in the hallway with Billy Wayne Dowden. There is no evidence that the appellant fired his shotgun. Shortly after the gun battle the appellant and Dowden fled from the jail but were later arrested.

In related grounds of error the appellant urges that: the evidence is insufficient to support the conviction for capital murder; the court erred in submitting a charge to the jury which permitted it to find the appellant guilty of capital murder; the court erred in instructing the jury on the theory of causation as it is defined in V.T.C.A. Penal Code, Section 6.04; and the court erred in instructing the jury on the theory of criminal responsibility for the acts of another as it is defined in V.T.C.A. Penal Code, Section 7.02(b).[1] These grounds of

---

1. In ground of error No. 1 it is asserted that there is a fatal variance between the allegations of the indictment and the evidence admitted in support of these allegations, but the complaint revealed by the argument under this ground of error is that the evidence will not support a conviction for capital murder.

In ground of error No. 6 the appellant again argues that the evidence will not support the conviction for capital murder, and also that the court erroneously instructed and permitted the jury to find the appellant guilty of capital murder when he could only be guilty of murder under the "felony-murder rule." It is further argued that the felony-murder rule is not applicable to capital murder.

In ground of error No. 7 the appellant complains that in view of the evidence in this case the court should not have instructed the jury on the definition of causation as found in V.T.C.A. Penal Code, Section 6.04.

In ground of error No. 9 the appellant says the trial court erred in instructing the jury on the provisions of V.T.C.A. Penal Code, Section 7.02(b) because it is not applicable to the offense of capital murder.

error raise the issue of whether the appellant is guilty of capital murder when the victim, a peace officer, was shot by another peace officer who was acting in self-defense, in defense of fellow officers, and to resist the commission or attempted commission of a felony by the appellant and the co-felon, Billy Wayne Dowden. We hold that the appellant may be guilty of capital murder in these circumstances.

The appellant's fundamental argument is that the felony-murder doctrine does not apply to capital murder in these circumstances and under the theory of the prosecution as charged in the indictment.[2] Many courts have wrestled with the difficult problem of whether the felony-murder doctrine should be applied when the killing is not done by the felon or a co-felon, but is done by another person while resisting the commission of the felony; see the cases cited and annotations, 56 A.L.R.3d 239; but that is not the problem here. We find the appellant, by the application of our statutes to the circumstances of this case, is guilty of capital murder apart from the felony-murder doctrine, if he *intentionally caused* the death of Gray.

█ The evidence shows that the appellant along with Billy Wayne Dowden con-

sciously went to the Orange city jail with firearms to use those firearms with a conscious disregard for life; they *intentionally* engaged in that conduct, as the term intentionally is defined by V.T.C.A. Penal Code, Section 6.03(a).[3] The death of Gray would not have occurred but for the conduct of the appellant and Billy Wayne Dowden, and this conduct was the *cause* of Gray's death, as causation is defined by V.T.C.A. Penal Code, Section 6.04(a).[4] The shooting of Gray by Windham was not a concurrent cause of Gray's death. Chief Justice Traynor, speaking for the California Supreme Court sitting in bank in *People v. Gilbert*, 63 Cal.2d 690, 704–705, 47 Cal.Rptr. 909, 917, 408 P.2d 365, 373 (1965), rev. on other grounds, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967), clearly states the law as it applies in circumstances similar to the circumstances in this case:

"When the defendant or his accomplice, with conscious disregard for life, intentionally commits an act that is likely to cause death, and his victim or a police officer kills in reasonable response to such act, the defendant is guilty of murder. In such case, the killing is attributable, not merely to the commission of a felony, but to the intentional act of the defendant or his accomplice committed

---

In ground of error No. 8 the appellant complains of the court's refusal to submit to the jury the following requested charge:

"That even though you find that a Defendant is criminally responsible under the provisions of this charge for causing a result, you can nevertheless not find a defendant guilty of capital murder unless you find beyond a reasonable doubt that the defendant intentionally or knowingly caused the death of a police officer as capital murder has been defined to you above and that unless you believe beyond a reasonable doubt from the evidence that Clifford S. Blansett intentionally and knowingly caused the death of Danny L. Gray who was then and there a police officer acting in the lawful discharge of a duty and who Clifford S. Blansett knew was a police officer, you will find him not guilty of capital murder."

2. The indictment in pertinent part alleged that: "BILLY WAYNE DOWDEN, SR. and CLIFFORD S. BLANSETT, acting together did then and there unlawfully, intentionally, and knowingly kill Danny L. Gray by shooting him with a gun, the said Danny L. Gray being

then and there a peace officer who was then and there acting in the lawful discharge of an official duty and the said Billy Wayne Dowden, Sr. and Clifford S. Blansett, acting together, then and there knowing, and being informed that the said Danny L. Gray was then and there a police officer."

3. V.T.C.A. Penal Code, Section 6.03(a), provides:

"(a) A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result."

4. V.T.C.A. Penal Code, Section 6.04(a), provides:

"(a) A person is criminally responsible if the result would not have occurred but for his conduct, operating either alone or concurrently with another cause, unless the concurrent cause was clearly sufficient to produce the result and the conduct of the actor clearly insufficient."

with conscious disregard for life. Thus, the victim's self-defensive killing or the police officer's killing in the performance of his duty cannot be considered an independent intervening cause for which the defendant is not liable, for it is a reasonable response to the dilemma thrust upon the victim or the policeman by the intentional act of the defendant or his accomplice."

Also, in *People v. Gilbert,* supra, Chief Justice Traynor, with reference to his opinion in *People v. Washington,* 62 Cal.2d 777, 44 Cal.Rptr. 442, 402 P.2d 130 (1965), said: " . . . we recognized, however, that entirely apart from the felony-murder rule, malice may be established when a defendant initiates a gunbattle, and that under such circumstances he may be convicted of murder for a killing committed by another . . ."

See also *Taylor v. Superior Court of Alameda County,* 3 Cal.3d 578, 91 Cal. Rptr. 275, 477 P.2d 131 (In Bank 1970); *People v. Reed,* 270 Cal.App.2d 37, 75 Cal.Rptr. 430 (1969); *People v. Bosby,* 256 Cal.App.2d 209, 64 Cal.Rptr. 159 (1967); *People v. Podolski,* 332 Mich. 508, 52 N.W.2d 201 (1952). Under former Penal Codes the same result in similar circumstances was reached. See *Taylor v. State,* 41 Tex.Cr. 564, 55 S.W. 961 (Tex. Cr.App. 1900); *Miers v. State,* 157 Tex.Cr. 572, 251 S.W.2d 404 (Tex.Cr.App.1950).

■ The evidence would support a conviction either on the theory of appellant's guilt because of his own acts or of appellant's guilt because of his responsibility for the acts of Billy Wayne Dowden. However, the charge which was submitted to the jury, when considered as a whole, submitted only the theory of appellant's guilt because of his responsibility for the acts of Billy Wayne Dowden.[5] The submission of such a charge was error, the appellant argues, because V.T.C.A. Penal Code, Sec. 7.02 does not apply to capital murder cases. Such an argument was rejected in *Livingston v. State,* 542 S.W.2d 655 (Tex.Cr.App.1976) where a death penalty conviction was upheld and the appellant was guilty of murder

---

5. "Now, therefore, if you find from the evidence beyond a reasonable doubt that on or about the 28th day of June, 1974, in the County of Orange and State of Texas, as alleged in the indictment, that the defendant, Clifford S. Blansett, had entered into and was attempting to carry out a conspiracy with Billy Wayne Dowden to commit the offense of implements for escape, as these terms have been defined to you, and you further find that either the defendant, Clifford S. Blansett or Billy Wayne Dowden, did then and there with a gun intentionally or knowingly shoot and thereby cause the death of Danny L. Gray, and you further find that such murder was committed, if it was, in furtherance of the original unlawful purpose of the defendant, Clifford S. Blansett and Billy Wayne Dowden, to commit the offense of implements for escape and was such an offense as should have been anticipated as a result of carrying out the conspiracy to commit the offense of implements for escape, then you will find the defendant, Clifford S. Blansett, guilty of capital murder; but if you do not so believe or if you have a reasonable doubt thereof, you will acquit the defendant and say by your verdict 'not guilty of capital murder.'

"You are further instructed that if you find the foregoing facts beyond a reasonable doubt from the evidence that the offense of murder was actually committed by the separate act of either Clifford S. Blansett or Billy Wayne Dowden acting on their own separate volition and you believe or have a reasonable doubt that such offense on the part of either Dowden or Blansett was not in furtherance of the original purpose of the defendant, Blansett and Dowden and was not such an offense as should have been anticipated as a result of the carrying out of the conspiracy, then you will acquit the defendant and say by your verdict not guilty of capital murder and proceed to consider whether the defendant is guilty of the lesser included offense of murder.

"You are instructed that before you can find Clifford S. Blansett guilty of any offense as set forth herein, you must find beyond a reasonable doubt that he was present at the time the particular offense occurred and further that while being present he committed some act in furtherance of the unlawful purpose, if any, of Billy Wayne Dowden, to-wit: that he by words or acts encouraged, aided, assisted or attempted to aid or assist Billy Wayne Dowden to commit, if he did, the offense of 'implements for escape'. Therefore, unless you believe beyond a reasonable doubt that Clifford S. Blansett was present at the time the alleged occurrence took place and that while being present he encouraged, aided, assisted or attempted to aid or assist by words or acts, the said Billy Wayne Dowden to commit the offense of implements for escape, you will acquit the defendant, Clifford S. Blansett, and say by your verdict not guilty."

because of his responsibility for the acts of another. V.T.C.A. Penal Code, Sec. 7.02.

■ The refusal to submit to the jury the appellant's specially requested charge set out in our footnote 1 was not error because the court's charge did require the jury to find that the appellant intentionally or knowingly caused Gray's death.[6]

The appellant also complains that the trial court erred in admitting in evidence hearsay statements made by Billy Wayne Dowden. A handgun was admitted in evidence. One of the officers who participated in the investigation of the murder was Edgar Martin, a special agent of the Federal Bureau of Investigation. He testified that after a conversation Dowden led officers to the hidden handgun. The appellant's complaint is that Martin was also allowed to testify that Dowden said it was the gun which he had used and fired at the jail.

■ Prior to the admission of this testimony Martin had testified without objection that other officers had been led by Dowden to a road where he said "he had left the gun that he had had at the station that morning." Independent of the hearsay testimony, there is evidence that a laboratory examination showed bullets and casings found at the jail on the morning of June 28th came from the weapon to which Dowden led the officers. The appellant also testified that he saw Dowden fire a pistol at the jail. Moreover, Darlene Dowden, Charles Dowden's wife, who had accompanied the appellant and Billy Wayne Dowden to the scene of the murder at the Orange city jail, testified that she saw Billy Wayne Dowden with a pistol at the city jail. Also, she was with Billy Wayne Dowden when he fled from the jail, drove to the place where he shaved off his mustache, and hid the pistol. The admission in evidence of the hearsay statements made by Dowden was in these circumstances beyond a doubt

harmless error. See *Hampton v. State,* 511 S.W.2d 1 (Tex.Cr.App.1974).

The appellant asserts that the trial court erred in admitting in evidence statements he made to Agent Martin. Since he was in custody and since these statements were not reduced to writing, the appellant argues the statements were inadmissible under the provisions of Art. 38.22, V.A.C.C.P.

Martin was told by the appellant that he did not know why he was in custody because no one could place him at the scene of the murder. Martin told the appellant that he could be placed at the murder scene by Billy Wayne Dowden. The appellant then said if he could be placed at the murder scene he would think about getting his "business straight." Martin left the room and reappeared at the door with Billy Wayne Dowden. Martin asked Dowden if he were at the police station that morning; Dowden replied that he had been. Martin then asked Dowden who was with him and Dowden pointed toward the appellant and said, "Clifford." The appellant then said he wanted to make a statement and "get his story down."

The appellant argues that the statements made in his conversation with Martin amounted to a confession within the holding of the majority in *Butler v. State,* 493 S.W.2d 190 (Tex.Cr.App.1973). These statements were not used to impeach the appellant's trial testimony, as Butler's statements were so devastatingly used in *Butler v. State,* supra. The appellant's trial testimony and his written confession were not inconsistent with any of these statements nor any reasonable inference which could be drawn from these statements. The appellant was placed at the scene of the murder by his written confession, which was admitted in evidence, by his own trial testimony, and by the trial testimony of Darlene Dowden.

6. As pointed out in the Practice Commentary following V.T.C.A. Penal Code, Sec. 19.03, the provisions of V.T.C.A. Penal Code, Sec. 19.03(a) and Art. 37.071(b)(1), V.A.C.C.P., are inconsistent; a jury having found that a defendant intentionally committed a capital murder to be consistent would have to find that the act was deliberately done. However, the inconsistent answer to the question Art. 37.071(b)(1) reflects only that the jury did not want the death penalty assessed.

■ If the appellant's statements in his conversation with Martin were a confession within the holding of the majority in *Butler v. State,* supra, the only authority relied on by the appellant, their admission in evidence was harmless error beyond a reasonable doubt. See *Brantley v. State,* 522 S.W.2d 519 (Tex.Cr.App.1975); *Gutierrez v. State,* 502 S.W.2d 746 (Tex.Cr.App.1973).

■ If parts of Martin's testimony were inadmissible for other reasons, no error was preserved for review on appeal by trial objections. A trial objection that a part of Martin's testimony was hearsay was not made a ground of error on appeal, and if it had been, it would not present reversible error.

The appellant contends the trial court erred in failing to declare a mistrial when the prosecutor told the jury during argument at the guilt-innocence phase of trial that Dowden had already been convicted of the same offense. Appellant complains of the following argument:

"MR. BEARDEN: . . . He is beyond our right of subpoena and we can't get any testimony from Captain Gray. Why call Billy Wayne? Do you think a man that has already been convicted that the State of Texas, who will be bound by his testimony, is going to put him on the stand? We had already proved—

"MR. HAHN: Your Honor—

"MR. BEARDEN: —beyond a reasonable doubt—

"THE COURT: Excuse me just a minute.

"MR. HAHN: I want to object, Your Honor. May we approach the bench?

"THE COURT: Yes. (At this point there was an off-the-record discussion at the bench between the Court and counsel, which discussion was inaudible to the Court Reporter and the jury.)

"THE COURT: Ladies and Gentlemen of the jury, you will give no consideration to the statement of Mr. Bearden about a man already convicted, referring to Billy Wayne Dowden."

Appellant's motion for mistrial was overruled.

■ The prosecutor's argument was clearly improper and not a legitimate response to the appellant's comment on the absence of Dowden's testimony. *Thornton v. State,* 542 S.W.2d 181 (Tex.Cr.App.1976); *Bailey v. State,* 531 S.W.2d 628 (Tex.Cr.App.1976). Ordinarily, any injury from improper jury argument is obviated when the court instructs the jury to disregard the argument, unless the remark is so inflammatory that its prejudicial effect cannot reasonably be removed by such an admonition. Whether the prosecutor's argument necessitates a reversal is to be determined on the basis of the probable effect on the minds of the jurors under the facts of each case. *Spaulding v. State,* 505 S.W.2d 919 (Tex.Cr.App.1974). The evidence was overwhelming and uncontradicted that Dowden was the main actor in the murder of Captain Gray. In view of this and the prompt action of the trial court in instructing the jury to disregard the argument, we find that the argument was not so prejudicial that its harmful effect could not be removed by the court's instruction to disregard. Cf. *Spaulding v. State,* supra; *Marshburn v. State,* 491 S.W.2d 663 (Tex. Cr.App.1973); *Gibson v. State,* 430 S.W.2d 507 (Tex.Cr.App.1968); *Carraway v. State,* 507 S.W.2d 761 (Tex.Cr.App.1974).

Appellant contends the court erred in admitting into evidence State's Exhibit No. 17, a photograph of the deceased, for the reason that it was introduced for the sole purpose of prejudicing and inflaming the minds of the jurors and that it had no probative value. Appellant argues that since he stipulated that Captain Gray was wearing his police uniform and was in the course of his duties as a police officer at the time of his death, the photograph was introduced solely to prejudice appellant. When the photograph was offered at trial the State contended it revealed a bruise on the right jaw of the deceased which the State alleged was caused by a blow from Dowden or the appellant.

■ A photograph that is competent, material, and relevant to the issues on trial will not be inadmissible merely because it is

gruesome, unless it is offered solely to inflame the minds of the jury. If a verbal description of the body and the scene would be admissible, a photograph depicting the same is admissible. Only when the probative value of the photograph is very slight and the inflammatory aspects great will it be an abuse of discretion to admit the photograph. *Martin v. State,* 475 S.W.2d 265 (Tex.Cr.App.1972); *Provost v. State,* 514 S.W.2d 269 (Tex.Cr.App.1974); *Page v. State,* 532 S.W.2d 341 (Tex.Cr.App.1976); *Harrington v. State,* 547 S.W.2d 621 (Tex. Cr.App.1977). No abuse of discretion is shown.

Appellant's last contention is that Article 37.071(b)(2), V.A.C.C.P., is unconstitutionally vague because it gives unlimited discretion to the jury in deciding whether "there is a probability that the defendant would commit criminal acts of violence that would constitute a continuing threat to society." This contention has been answered adversely to the appellant. *Jurek v. Texas,* 428 U.S. 262, 96 S.Ct. 2950, 49 L.Ed.2d 929 (1976); *Jurek v. State,* 522 S.W.2d 934 (Tex. Cr.App.1975).

The judgment is affirmed.

Opinion approved by the Court.