**Bernard Earl MATTHEWS, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2-83-405-CR.**

Court of Appeals of Texas, Fort Worth.

Oct. 3, 1984.

George Kredell, Arlington, for appellant.

Tim Curry, Dist. Atty., and David Chapman, Asst. Dist. Atty., Fort Worth, for appellee.

Before FENDER, C.J., and HUGHES and JORDAN, JJ.

OPINION

HUGHES, Justice.

Bernard Earl Matthews has appealed his conviction for the offense of burglary of a habitation. Matthews pled guilty in exchange for the State's recommended sentence of 35 years in the Texas Department of Corrections. The basis of this appeal is the admission of Matthews' confession into evidence.

We affirm.

The defendant was arrested on October 6, 1982 pursuant to a warrant based on probable cause. He was sixteen years old at the time of the offense. He was taken to the Tarrant County Juvenile Detention Center. The next day, a police officer removed the defendant from the juvenile facility and took him to the Fort Worth Police Department.

After being warned of his rights by a magistrate, the defendant was taken upstairs to the designated juvenile facility on the 5th floor. The door was locked, however, and the officer did not have access to a key. At this point, the defendant was taken to the 4th floor, which is the homicide division, and questioned. While isolated from all adult offenders, the defendant made a statement admitting his participation in the burglary and murder of Ruby English. The defendant was then taken back downstairs and warned of his rights a second time. He then signed the confession in the magistrate's presence.

The defendant's only ground of error on appeal is that the trial court erred in admitting the confession into evidence because it was taken in violation of the defendant's rights as a juvenile.

The defendant relies on TEX.FAM.CODE ANN. sec. 52.02(a)(2) (Vernon 1975), which states that "[a] person taking a child into custody, without unnecessary delay and without first taking the child elsewhere, shall ... bring the child before the office or official designated by the juvenile court ...." The defendant also relies on TEX. FAM.CODE ANN. sec. 54.03(e) (Vernon 1975) which expressly makes inadmissible statements not in compliance with the Family Code.

We find, however, that the facts of this case are controlled by TEX.FAM.CODE ANN. sec. 51.09(b) (Vernon Supp.1984) which expressly makes admissible a statement of a juvenile which is made in a juvenile detention facility *or* in the presence of a police officer *after* the juvenile has been warned of his rights. Section 51.09(b) governs the temporary detention for the purpose of questioning which we have here. The defendant was in the presence of a police officer and was given a prior warning.

Section 52.02(a) governs the taking into custody of a juvenile. It requires that, upon arrest, the juvenile must be taken directly to the juvenile detention facility without delay. It appears from the record that the police complied with the statute by taking the defendant to the Tarrant County Juvenile Detention Center on the day of arrest. The acts complained of did not occur until the next day when the defendant was taken to the Fort Worth Police Department for questioning.

The defendant, Bernard Earl Matthews, cites the case of *Matter of L.R.S.*, 573 S.W.2d 888 (Tex.Civ.App.—Houston [1st Dist.] 1978) in support of his contention. The facts of that case, however, are distinguishable. The defendant in *L.R.S.*, was questioned before being warned of his rights by a magistrate. The defendant in this case received a warning prior to questioning. Furthermore, the defendant here was completely isolated from adult offenders. The confession met the requirement

of voluntariness and was properly admitted into evidence.

Affirmed.