**David Allen LEGER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09 84 069 CR.**

Court of Appeals of Texas,
Beaumont.

Jan. 17, 1985.
Rehearing Denied Feb. 8, 1985.

Nolan J. LeBlanc, Orange, for appellant.

James Jenkins, County Attorney's Office, Orange, for appellee.

OPINION

BROOKSHIRE, Justice.

Appellant was convicted by a jury of the offense of aggravated sexual assault. After a plea of "true" to an enhancement paragraph, the jury assessed punishment at forty years confinement in the Texas

Department of Corrections. Appeal has been perfected to this court.

Appellant's first ground of error is: "The trial court erred in convicting the Appellant and sentencing him to the Texas Department of Corrections because it submitted a charge of conspiracy to the jury when conspiracy was not alleged in the indictment."

Appellant argues that the indictment is devoid of any mention of a conspiracy; however, the charge, conversely states in part:

"[A]nd in furtherance of a conspiracy between David Allen Leger and Billy Hoffpauir or John Hoffpauir, or all three, consisting of an agreement that one or more of them would commit Sexual Assault of [Complainant], and that such offense of Aggravated Sexual Assault, if any, was one which the Defendant, David Allen Leger, should have anticipated as a result of the *carrying out of such conspiracy to commit Sexual Assault....*" (Emphasis added)

*TEX.PENAL CODE ANN. secs. 7.01, 7.02* (Vernon 1974) eliminate the distinction between principals and accomplices and all attendant complexities in the drafting of indictments. We believe that *Blansett v. State*, 556 S.W.2d 322 (Tex.Crim.App.1977) confirms the abolition of the distinction between principals, accomplices *and* conspirators.

*Sec. 7.01(c)* states:

"All traditional distinctions between accomplices and principals are abolished ... *and each party to an offense may be charged and convicted without alleging that he acted as a principal or accomplice.*" (Emphasis added)

Additionally, *Sec. 7.02(b)* provides:

"If, in the attempt to carry out a conspiracy to commit one felony, another felony is committed by one of the conspirators, *all conspirators are guilty of the felony actually committed,* though having no intent to commit it, if the offense was committed in furtherance of the unlawful purpose and was one that

should have been anticipated as a result of the carrying out of the conspiracy." (Emphasis added)

We find the reasoning of *Blansett v. State, supra,* is controlling of Appellant's first ground of error. There, the defendant urged on appeal that the trial court erred in charging the jury on the theory of criminal responsibility as defined in *Sec. 7.02(b).* The facts showed that the defendant was found guilty of capital murder where the victim, a police officer, was actually shot by another police officer acting in self-defense during the commission of a felony. There was no evidence that the defendant, Blansett, fired his shotgun during the gun battle although there was evidence that Blansett's cofelon fired his own gun. The court's charge to the jury included a charge on the theory of conspiracy existing between the defendant and cofelon to commit the felony. In a footnote, the court quotes directly from the trial court's charge, 556 S.W.2d at 326:

"5. 'Now, therefore, if you find from the evidence beyond a reasonable doubt that on or about the 28th day of June, 1974, in the County of Orange and State of Texas, as alleged in the indictment, that the defendant, Clifford S. Blansett, *had entered into and was attempting to carry out a conspiracy with [cofelon]* to commit the offense of implements for escape ... and you further find that such murder was committed, if it was, in furtherance of the original unlawful purpose of the defendant, Clifford S. Blansett and [cofelon], to commit the offense of implements for escape and was such an offense as should have been anticipated as a result of *carrying out the conspiracy to commit the offense of implements for escape, then you will find the defendant, Clifford S. Blansett, guilty of capital murder....*

'You are further instructed that if you find the foregoing facts beyond a reasonable doubt from the evidence that the offense of murder was actually committed by the separate act of

either Clifford S. Blansett or [cofelon] acting on their own separate volition and ... not in furtherance of the original purpose of the defendant, Blansett and [cofelon] and was not such an offense as should have been anticipated as a result of the carrying out of the conspiracy, then you will acquit the defendant and ... proceed to consider ... the lesser included offense of murder....' " (Emphasis added)

Searching the opinion, we find no affirmative allegation of a classical conspiracy made in the indictment. We quote from the indictment in *Blansett v. State, supra,* footnote 3, at 325:

" '[Cofelon] and CLIFFORD S. BLANSETT, *acting together* did then and there unlawfully, intentionally, and knowingly kill Danny L. Gray by shooting him with a gun, the said Danny L. Gray being then and there a peace officer who was then and there acting in the lawful discharge of an official duty and the said [cofelon] and Clifford S. Blansett, *acting together,* then and there knowing, and being informed that the said Danny L. Gray was then and there a police officer.' " (Emphasis added)

Despite the unusual circumstances, the court affirmed the conviction of capital murder and wrote, in *Blansett v. State, supra,* at 326:

"The evidence would support a conviction either on the theory of appellant's guilt because of his own acts or of appellant's guilt because of his responsibility for the acts of [cofelon]. However, the charge which was submitted to the jury, when considered as a whole, submitted only on the theory of appellant's guilt because of his responsibility for the acts of [cofelon]." (Footnote omitted)

Reading *Secs. 7.01, 7.02* and *Blansett v. State, supra,* together, we find that the trial court properly incorporated the law of conspiracy in its charge to the jury. We find no harmful or reversible error. Appellant's first ground of error is overruled.

Appellant's second and third grounds of error complain that the trial court erred in submitting "a charge of conspiracy" and "an issue of party" to the jury because there was insufficient evidence to support either one.

■ Appellant's only trial objection to the conspiracy charge was as follows:

"Defendant would also object to any paragraph or paragraphs in the Charge alleging a conspiracy in the present case *as there was no conspiracy alleged in the indictment.* In this regard, the Charge does not follow the indictment and allows for conviction on a theory of law which has not been alleged in the indictment."

Appellant made no timely objection concerning the insufficiency of the evidence as to the charge of conspiracy or the issue of law of parties. Since there was no timely objection, thereby calling this error to the court's attention as required by *TEX. CODE CRIM.PROC.ANN. art. 36.14* (Vernon Supp.1984), we find there is nothing presented for appellate review. *Carrillo v. State,* 566 S.W.2d 902 (Tex.Crim.App.1978). *See also Romo v. State,* 568 S.W.2d 298 (Tex.Crim.App.1977); *Savant v. State,* 544 S.W.2d 408 (Tex.Crim.App.1976); *Mott v. State,* 543 S.W.2d 623 (Tex.Crim.App.1976). Appellant's second and third grounds of error are overruled.

Appellant's fourth ground of error is without merit and is overruled. *TEX.PENAL CODE ANN. secs. 7.01, 7.02* (Vernon 1974).

Appellant, in his fifth ground of error, argues:

"The Trial Court erred when it refused to include the Appellant[']s requested charge of mistake of fact when the Court submitted its charge to the jury."

■ Appellant's testimony, and the testimony of others, was that the victim consented to the various sexual acts. However, this was denied by the victim. The court's charge required the jury to find that these assaultive acts of sexual conduct were without the victim's consent. Hence, under this record, an affirmative submission of the issue of mistake of fact was not

required and, indeed, would not have been proper. *See Martinez v. State*, 634 S.W.2d 929 (Tex.App.—San Antonio 1982, pet. ref'd). *See also Green v. State*, 566 S.W.2d 578 (Tex.Crim.App.1978); *Bearden v. State*, 487 S.W.2d 739 (Tex.Crim.App. 1972). Appellant's fifth ground of error is overruled.

◾ In Appellant's final ground of error he urges:

"The Trial Court erred in communicating with the jury during deliberation in the absence of the Defendant and without first satisfying the requirements of article 36.27 of the Texas Code of Criminal Procedure."

The record shows that the judge received a communication from the jury foreman worded:

"Your honor:

"We cannot *all* agree on a verdict.

"May we have more evidence—or can we hear more evidence?"

Without first securing the presence of Appellant and his counsel, and without first securing a waiver by Appellant, as governed by *TEX.CODE CRIM.PROC.ANN. art. 36.27* (Vernon 1981), the judge answered that communication:

"To the jury:

"You have received all the evidence you will receive on the guilt or innocence phase. You are to be governed by the Charge. Please continue your deliberations."

Appellant's counsel timely filed his objection to the judge's communication.

We find no showing that reasonable diligence was not used by the court to secure the presence of Appellant and his counsel. Appellant takes the position that he could have been easily found. Although the communication was not in compliance with *Art. 36.27*, we find this does not constitute reversible error since the communication did not contain an additional instruction upon the law or some phase of the case. *Nacol v. State*, 590 S.W.2d 481 (Tex.Crim.App. 1979); *Arrevalo v. State*, 489 S.W.2d 569 (Tex.Crim.App.1973). *See also Rodriguez v. State*, 625 S.W.2d 101 (Tex.App.—San Antonio 1981, pet. ref'd). We overrule Appellant's sixth ground of error.

Finding no reversible error, we affirm the judgment and sentence below.

AFFIRMED.

BURGESS, J., not participating.