Bryan O'Neil COMER, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 12–87–00032–CR, 12–87–00033–CR.

Court of Appeals of Texas,
Tyler.

Jan. 15, 1988.

Rehearing Denied May 10, 1990.

James R. Moore and Beverly Bass, Longview, for appellant.

George Neeley, Akin, Steele & Bush, Longview, for appellee.

SUMMERS, Chief Justice.

This is an appeal from two convictions of capital murder. The appellant Brian O'Neil Comer, a sixteen year old at the time of the alleged murders, was arrested by police pursuant to a warrant and taken to the home of Gregg County Justice of the Peace Robert Malcolm where Malcolm gave him the warnings required by Tex.Fam.Code Ann. § 51.09(b)(1) (Vernon 1986). Following those warnings, Comer gave a written statement to police. We affirm.

Comer was indicted in two different causes for the two murders. At trial, he pleaded not guilty before a jury to both causes. Comer was convicted in both causes, and due to the fact that he was under the age of seventeen his punishment was automatically assessed by the court at life imprisonment in each cause with the sentences to run concurrently. Comer brings three points of error.

Comer's first point of error contends that the trial court committed reversible error in failing to declare a mistrial because of improper argument by the prosecutor during the guilt-innocence phase of the trial. The objectionable statement by the prosecutor was as follows:

> Ladies and Gentlemen, I ask you to return a verdict of guilty of capital murder. I don't ask it because I want it. I don't ask it because all of the family is over there, and they want it.

Pursuant to Comer's objection and request, the trial court instructed the jury to disregard the argument of the prosecutor. The trial court, however, overruled Comer's motion for mistrial.

It is improper for a prosecutor to inject his personal opinion concerning a conviction. *Baldwin v. State*, 499 S.W.2d 7, 9 (Tex.Cr.App.1973). However, improper argument requires reversal only where the objectionable statement is so inflammatory that its prejudicial effect cannot be reasonably cured by an instruction to disregard. *Blansett v. State*, 556 S.W.2d 322, 328 (Tex.Cr.App.1977). Ordinarily, any injury from improper argument is obviated when the court instructs the jury to disregard the argument. *Blansett*, 556 S.W.2d at 328. We find that the trial court's instruction cured any error. Comer's first point of error is overruled.

Comer's second point of error asserts that the trial court erred in failing to suppress the written statement given by Comer because he was improperly warned of the grade of felony with which he was charged, and therefore could not have made an intelligent waiver of his rights against self-incrimination.

Comer argues that under Tex.Fam.Code Ann. § 51.09(b)(1)(E) (Vernon 1986) a statement of a juvenile is admissible only if he is informed of the grade of felony with which he is charged. Section 51.09(b) states that certain warnings must be given to a juvenile for a subsequent statement to be admissible. One of the warnings is set out at section 51.09(b)(1)(E) and states that a juvenile must be informed that "if he is 15 years of age or older at the time of the violation of a penal law of the grade of felony the juvenile court may waive its jurisdiction and he may be tried as an adult."

Both Comer and the State acknowledge that a magistrate gave Comer the section 51.09(b)(1) warnings including that he was charged with a felony and that if he was fifteen years of age or older at the time that he committed the felony offense the juvenile court may waive its jurisdiction and he may be tried as an adult. Comer contends that since the magistrate simply referred to a first degree felony and did not state the range of punishment, section 51.09(b)(1)(E) was not complied with. That section imposes no requirement as to a

warning of the range of penalty. The section 51.09(b)(1)(E) warning was given to Comer. Comer's second point of error is overruled.

■ Comer's third and final point asserts that the trial court erred in admitting Comer's written statement into evidence since the statement was obtained while he was in custody in violation of Tex.Fam. Code Ann. § 52.02(a)(2), (3) (Vernon 1986). That section reads as follows:

(a) A person taking a child into custody, without unnecessary delay and without first taking the child elsewhere, shall do one of the following:

. . . .

(2) bring the child before the office or official designated by the juvenile court;

(3) bring the child to a detention facility designated by the juvenile court;

. . . .

Comer contends that his statement is not admissible because he was not taken directly to a juvenile detention facility or before an officer or official designated by the juvenile court as contemplated by section 52.-02(a)(2), (3). This section governs the taking into custody of a juvenile but not the admissibility of Comer's statement. As stated by the Fort Worth Court of Appeals in *Matthews v. State*, 677 S.W.2d 282, 283 (1984, pet. ref'd), the admissibility of a statement by a detained juvenile is controlled by section 51.09(b) which expressly makes admissible a statement of a juvenile which is made when the child is in the custody of an officer and after a juvenile has been warned by a magistrate of his rights. Section 51.09(b) governs the temporary detention for the purpose of questioning as in the instant case. Comer was in the custody of a police officer and was given a prior warning by Magistrate Robert Malcolm. *Matthews*, 677 S.W.2d at 283. Section 51.09(b) was complied with in the instant case. Comer's third point is overruled.

The judgment of the trial court in each cause is affirmed.