**James ANDREWS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 6–89–038–CR.**

Court of Appeals of Texas,
Texarkana.

June 20, 1990.

Rehearing Denied July 24, 1990.

Discretionary Review Refused Oct. 31, 1990.

Don Cooksey, Cooksey and Harrell, Texarkana, for appellant.

John F. Miller, Jr., Dist. Atty., Texarkana, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

GRANT, Justice.

James Andrews appeals his murder conviction. He was found guilty by a jury, and his punishment was assessed at sixty years' confinement in the penitentiary.

Andrews contends that the trial court erred by giving the jury an additional written instruction without reading it in open court in the presence of the defendant and his counsel. He further contends that the trial court erred because this additional instruction coerced the members of the jury to reach a verdict without a full deliberation because the instruction informed them that they would be locked up together for four nights. Andrews also contends that the trial court erred by failing to admit evidence of a prior inconsistent video statement made by a witness and by admitting into evidence without a proper predicate certain photographs introduced by the State. Finally, Andrews contends that the cumulative errors warrant a new trial in the interest of justice.

Lawanda Dowd and Andrews had a stormy marriage marked by incidents of violence. On August 11, 1988, Dowd met Andrews at the Nip n' Sip Bar in Texarkana, Arkansas. According to the owner of the bar, they left together. Geraldine McKinney joined them later, and the three of them rode in Andrews' car to West 6th Street in Texarkana, Texas. There Dowd and Andrews had a short disagreement, and Dowd was killed.

Andrews contends the trial court committed reversible error by submitting the following written communication to the jury:

MEMBERS OF THE JURY:

The law of Texas provides that once the Court's Charge has been presented to the jury, the jury can no longer separate

until it has been discharged. Unfortunately, Bowie County does not have accomodations (sic) for jurors to remain overnight. Since it is now 5:00 o'clock P.M., we must make arrangements for you to stay overnight.

The Bailiff will give each of you a pad upon which you will please list the one you wish to contact and any articles you may want the Sheriff to secure for you at your homes.

Again, unfortunately, I have trials scheduled for tomorrow and we may not be able to resume until Monday. So, in completing your list, please take this into consideration so that the Sheriff can take care of your needs in one trip, if possible.

(Signed)

Guy Jones, Presiding Judge
202nd Judicial District Court

■ Article 36.27 of the Texas Code of Criminal Procedure sets up a procedure for a jury to communicate with the court after it has begun deliberations. It also provides that the court shall answer such communications in writing after allowing the defendant or his counsel to make objections to the answer. This article is the only statute dealing with the required method for the trial judge to communicate with the jury during deliberations. It specifically provides that "the written instruction or answer to the communication shall be read in open court unless expressly waived by the defendant." A trial court commits reversible error if it gives an additional instruction to a jury without the provision in the communication being in open court and in the presence of the defendant, as required by Article 36.27. *Allaben v. State*, 418 S.W.2d 517 (Tex.Crim.App.1967).

■ In the present case, the communication was not in response to any communication from the jury, and it was not read in open court. However, communication between the court and the jury, although not made in compliance with Article 36.27, which does not amount to an additional instruction by the court on the law or some phase of the case does not constitute re-

versible error. *McGowan v. State*, 664 S.W.2d 355 (Tex.Crim.App.1984); *Brown v. State*, 505 S.W.2d 850 (Tex.Crim.App.1974). A communication concerning an administrative matter, even though the procedure is set by law, does not amount to an additional instruction. *See Leger v. State*, 688 S.W.2d 130 (Tex.App.–Beaumont 1985, no pet.); *Martin v. State*, 654 S.W.2d 855 (Tex.App.–Dallas 1983, no pet.); *Phillips v. State*, 654 S.W.2d 846 (Tex.App.–Dallas 1983, no pet.); *Rodriguez v. State*, 625 S.W.2d 101 (Tex.App.–San Antonio 1981, pet. ref'd).

■ Although the type of communication used in the instant case was not a proper method of communicating with the jury, it did not amount to an additional instruction upon the law or some phase of the case and thus does not constitute reversible error.

■ Next, we must look at the communication to determine if it coerced the jury into reaching a verdict without due deliberation. Article 35.23 of the Code of Criminal Procedure (the version which was in effect at the time of the trial)[1] prohibited the jurors from separating until a verdict had been rendered or the jury finally discharged unless the court, with the consent of each party, gave permission. Informing the jurors that they will not be allowed to separate until the jury was discharged was not in itself an erroneous instruction nor was it coercive. The portion of the note indicating that the jury would be held together over a period of four nights and suggesting that there would not be an opportunity to deliberate during that time seems unusually burdensome on the jurors.

Andrews emphasizes the fact that the jury reached a verdict shortly after receiving the communication from the trial judge. However, the jury had not communicated to the judge that they were deadlocked, and thus we cannot infer that the communication compelled the verdict rather than the verdict having resulted from the jurors' completing their deliberations. In the case

1. Effective September 1, 1989, the trial court on its own motion may and on the motion of either

party shall order that the jury not be allowed to separate.

of *Potter v. State*, 481 S.W.2d 101 (Tex. Crim.App.1972), the jury had twice sent out a note stating that they were unable to agree. The trial court instructed the jurors that they would be kept together for such time as necessary to render it improbable that they could reach a verdict. A verdict was returned forty minutes after the instruction was given. The court held that the instruction did not amount to a coercion of the jury. In the present case, viewing the circumstances in their entirety, we do not find that the communication amounted to coercion.[2] The point of error is overruled.

Next, Andrews contends that the trial court committed reversible error by allowing photographs of the deceased to be introduced into evidence over Andrews' objection that "there has not been a proper basis for the introduction of those pictures." On appeal, Andrews contends that it was not shown that the person testifying had personal knowledge of the contents of the photographs. To preserve an error in the admission of evidence, timely objection must be made at the trial stating the specific ground for the objection, if the specific ground is not apparent from the context. TEX.R.CRIM.EVID. 103(a)(2). The objection made by Andrews' counsel was equivalent to an objection that the proper predicate had not been laid. This objection is too general to preserve error. *Williams v. State*, 596 S.W.2d 862 (Tex.Crim.App. [Panel Op.] 1980); *Boss v. State*, 489 S.W.2d 580, 584 (Tex.Crim.App.1973). The point of error is overruled.

Next, Andrews contends that the trial court erred by failing to admit into evidence the prior inconsistent video statement of Geraldine McKinney, the State's eyewitness. TEX.R.CRIM.EVID. 612(a) provides that the proper predicate for using a prior inconsistent statement for impeachment is that the witness first be asked if he or she made the contradictory statement at a certain place and time to a certain person. If the witness denies making the contradictory statement, the prior inconsistent statement can be introduced into evidence. If the witness admits the prior inconsistent statement, the prior statement is not admissible. *McGary v. State*, 750 S.W.2d 782 (Tex.Crim.App.1988).

During the testimony of McKinney, Andrews' counsel established that McKinney had made a videotaped statement to him at his office on November 14, 1988. The defense counsel specifically asked McKinney if on that occasion she had stated that she did not see a gun in Andrews' hand and if she had stated that, she did not know where the shots were coming from. She denied making those statements. Thus, the defense counsel satisfied the requirement of establishing the place, the time and the person to whom the statements were allegedly made. *See McGary v. State*, 750 S.W.2d 782. However, counsel's offer of exhibit 3, the videotape, was deficient on two counts: (1) The offer was not limited to statements which the witness had denied making, but rather the entire videotape which contained approximately forty minutes of questions and answers was offered, and (2) no evidence was offered to establish that this was the videotape of McKinney's statement made at his office on November 14, 1988.

The State objected to the exhibit on the basis that the prosecuting attorney had not had an opportunity to view the tape and because the defense had not laid the proper predicate. The first portion of the objection was not a proper evidentiary objection, but it would have been correct if it had been in form of a motion to allow counsel to view the videotape outside the presence of the jury so that he could then make evidentiary objections, if any.[3]

2. We recognize that the present Rule 606(b) of the Rules of Criminal Evidence prohibits jurors from testifying as to any matter or statement occurring during the course of the jury's deliberation or to the effect of anything upon an individual juror's mind or emotions which may have influenced his or her decision. This rule makes it difficult to offer proof of actual coercion and harm; therefore, our opinion should not be construed to indicate that coercion cannot be inferred under different circumstances from those shown in the present case.

3. If the contents of the videotape had been reduced to writing, the defense counsel could

The second portion of his objection that the proper predicate was not laid was too general to preserve error. *Williams v. State*, 596 S.W.2d 862; *Boss v. State*, 489 S.W.2d 580. However, when the trial judge sustains a general objection, and there is a valid basis for exclusion of the evidence, we must deem that the ground was apparent to the trial judge and that he based his ruling on that ground. *See* 1 R. Ray, *Texas Law of Evidence Civil and Criminal* § 25 (Texas Practice 3d ed. 1980). This assumption is made when there is an absence of a request by opposing counsel or by the judge for a more specific objection, as in the present case. Therefore, we must deem that the trial court recognized the specific grounds from the context of the offer, making it unnecessary for a specific objection. The point of error is overruled.

Next, Andrews contends that the cumulative errors in this case require that a new trial be granted in the interest of justice. We have not found any preserved errors, except the jury communication, which we have determined not to be a reversible error. This point of error is overruled.

The judgment of the trial court is affirmed.

have readily designated the portion he wished to offer and the prosecutor could have made his objections without the necessity of the entire videotape being played.