Opinion filed July 18, 2013



In The

# Eleventh Court of Appeals

_____

## No. 11-12-00158-CR

_____

## SUNNY J. HIGNOJOS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 70th District Court**

**Ector County, Texas**

**Trial Court Cause No. A-37,159**

## MEMORANDUM OPINION

The jury found Sunny J. Hignojos guilty of evading arrest or detention and of the attempted capital murder of Ector County Deputy Sheriff David Escudero, and it assessed his punishment at confinement for two years on the evading arrest or detention charge and at confinement for forty years on the attempted capital

murder charge. The trial court sentenced Appellant and ordered his sentences to run consecutively to a forty-year murder sentence in a related case.[1]

Appellant appeals his conviction with two issues: (1) the evidence was insufficient to prove attempted capital murder and (2) the trial court submitted an erroneous jury charge by including "attempted capital murder" instead of "evading arrest or detention" in the alternative conspiracy paragraph that followed the Section 7.02(b)[2] paragraph. We affirm.

## I. *The Charged Offenses*

Count II of the indictment charged that, on or about January 10, 2010, Appellant intentionally fled from Deputy Escudero, who was lawfully attempting to detain Appellant.[3] Count I alleged that Appellant intended to commit the capital murder of Deputy Escudero by shooting at him with a firearm or, as a "party to the said offense," by either aiding Eddie Palma, who was with Appellant during the police chase, when Palma shot at and discharged a firearm at Deputy Escudero or knowing that Palma had a deadly weapon and intended to use it.[4] Appellant knew Deputy Escudero was a peace officer acting in the lawful discharge of his official duties, and Appellant's actions were more than mere preparation and tended to, but failed, to effect the commission of the intended offense of capital murder.[5]

---

[1]Appellant was sentenced to serve his punishment in this case consecutively with the punishments in two related cases. In Cause No. A-37,160 in the 70th District Court of Ector County, Texas, Appellant was convicted of aggravated assault with a deadly weapon, and on appeal in this court, Cause No. 11-12-00358-CR, we have this day affirmed the trial court's judgment. In Cause No. A-37,164 also in the 70th District Court of Ector County, Texas, Appellant was convicted of murder, and on appeal in this court, Cause No. 11-11-00356-CR, we also have on this date affirmed the trial court's judgment.

[2]TEX. PENAL CODE ANN. § 7.02(b) (West 2011).

[3]*See* TEX. PENAL CODE ANN. § 38.04 (West Supp. 2012).

[4]*See* TEX. PENAL CODE ANN. § 19.03 (West Supp. 2012).

[5]*See* TEX. PENAL CODE ANN. § 15.01 (West 2011).

2

## II. *Trial Evidence*

The evidence shows that several people had gathered at a trailer on West 26th Street in Odessa to drink and to party. The party carried on into the early morning hours. Two people at the trailer got into an argument over gang affiliations. One of them left, but the second individual, Palma, phoned his friends Rafael "C.J." Alvarez and Appellant and asked them to come get him. When Alvarez and Appellant arrived at the trailer, Appellant was armed with a shotgun; Alvarez had a pistol with him. As Appellant neared the trailer, Snowflake, a pit bull, bit him on the leg, and he threatened to shoot Snowflake.

Becky Wakefield, one of the residents of the trailer, argued with Appellant about his threats to shoot Snowflake. Another person who lived in the trailer, Jaime Morales Jr., came out of the trailer and told Appellant not to shoot Snowflake. Morales began to argue with and to fight Alvarez. As they fought, they fell to the ground, and Appellant turned and shot Morales. Appellant then shot Wakefield, Snowflake, and three others: Samuel Ortiz, Amy Cardona, and Ramon Mancha with his shotgun. Appellant, Alvarez, and Palma then fled the scene in Appellant's Dodge Ram pickup. Wakefield and Cardona testified that Appellant shot them and Snowflake as well as Ortiz, Mancha, and Morales and then fled. Wakefield and Cardona also testified about their injuries.

Deputy Escudero had responded to a criminal mischief complaint about a block away from the West 26th trailer location, and he heard gunshots. Deputy Escudero saw a Dodge Ram pickup leaving the area, and he pursued it. Because of what he had heard and seen, he followed the pickup, activated his lights and siren, and began a high-risk felony stop. Deputy Escudero ordered Appellant to turn off the pickup and exit it, but Appellant did not do either one. Instead, Appellant stuck his head out the window, backed up his pickup, took off, and accelerated at a high

rate of speed. Deputy Escudero gave chase with pursuit speeds between 90 and 110 miles per hour.

Deputy Escudero testified that someone in the backseat of the pickup shot at him through the back window of the pickup. The shots came from a shotgun and pistol. He called for backup and returned fire. Deputy Escudero testified that the pickup had an electric, sliding rear window that could only be operated by the driver. A short time later, the pickup hit a telephone guy wire, flipped over on its side, and crashed near 56th Street and Angus Street; the chase had begun on 16th Street.

Appellant and Palma got out of the pickup and ran away. Alvarez, who was injured during the crash, remained pinned in the right front passenger seat. Trooper Hunter Lewis responded to the crash site and assisted in searching for Appellant and Palma. Trooper Lewis located Appellant in a field at 49th Street and Bryan Street, several blocks from the crashed pickup, and arrested him.

Police secured the clothing Appellant had on when he was arrested, which included a red shirt, a black T-shirt, white stocking cap or "do-rag," dark denim jeans, socks, and a black hoodie. Police also recovered spent shotgun shells at the trailer and along the pursuit route and secured Appellant's shotgun, bandana, cap, and gloves and both spent and unused shotgun shells from his pickup. Later, a pistol and a shell casing were recovered at the intersection of 24th and Neptune after Deputy Diallo Bass reviewed the pursuit video from Deputy Escudero's patrol car. The shells and casings recovered matched Appellant's shotgun and the pistol recovered by Deputy Bass.

III. *Discussion and Analysis*

Appellant does not challenge his evading arrest conviction, but he asserts two issues in connection with the attempted capital murder charge. First, Appellant claims that the evidence could not support his conviction for the

4

attempted capital murder of Deputy Escudero. Second, Appellant alleges that the trial court committed fundamental error when it submitted a jury charge instruction that Appellant conspired with Palma to commit capital murder.

   *A. Issue One: Sufficiency of Evidence*

We apply the sufficiency standard outlined in *Jackson* and its progeny for Appellant's first issue. *Jackson v. Virginia*, 443 U.S. 307, 318 (1979); *Brooks v. State*, 323 S.W.3d 893, 894 (Tex. Crim. App. 2010); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). We review all of the evidence admitted at trial by both the State and Appellant in the light most favorable to the jury's verdict and decide whether any rational jury could have found each element of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319.

Wakefield and Cardona testified that Appellant shot them and Snowflake as well as Ortiz, Mancha, and Morales and then fled. Deputy Escudero saw Appellant's pickup leave the West 26th Street area after he heard gunshots, and he followed the pickup. Deputy Escudero then completed a high-risk felony stop, based on his observations and a radio call. Deputy Escudero ordered Appellant to turn off the pickup and exit it. Appellant ignored the commands and continued to flee.

During the chase, Appellant opened the electric sliding window to make it possible for Palma to shoot a shotgun and pistol at Deputy Escudero. Appellant crashed his pickup near 56th Street and Angus in Odessa, and he and Palma fled. Appellant was apprehended a short time later by Trooper Lewis—Appellant was hiding under mesquite trees in a nearby field. Appellant's clothing matched what witnesses said he was wearing at the time of the shooting and his subsequent flight. Police also recovered Appellant's shotgun, spent shotgun shells, the pistol, and spent pistol shell casings. The shells and casings matched the guns used by Appellant and Palma.

Appellant argued that he was not the shooter and that he did not intend to murder Deputy Escudero. The jury is the arbiter of facts and may believe or disbelieve any witness. The jurors weighed the evidence, and as rational jurors, they found beyond a reasonable doubt that Appellant was guilty of attempted capital murder. We hold that there was sufficient evidence for the jury to do so, and we overrule Appellant's first issue.

*B. Issue Two: Erroneous Jury Charge on "Conspiracy"*

Appellate review of claimed jury charge error involves a two-step process. *Abdnor v. State*, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994). We must first determine whether error occurred. *Middleton v. State*, 125 S.W.3d 450, 453 (Tex. Crim. App. 2003); *Hollander v. State*, No. 11-10-00337-CR, 2012 WL 3891623 (Tex. App.—Eastland Sept. 6, 2012, pet. granted). If so, we must then evaluate whether the error requires reversal. *Abdnor*, 871 S.W.2d at 731–32. For a preserved objection, as we have here, to an actual charge error, we must determine whether there was some harm or whether the error was calculated to injure Appellant's rights and deprive him of a fair and impartial trial. *See Almanza v. State*, 686 S.W.2d 157, 160, 171 (Tex. Crim. App. 1985); *see also* TEX. CODE CRIM. PROC. ANN. art. 36.19 (West 2006); *Cartwright v. State*, 833 S.W.2d 134, 136 (Tex. Crim. App. 1992).

The court's charge included a Section 7.02(a) instruction. Section 7.02(a) states:

> (a) A person is criminally responsible for an offense committed by the conduct of another if:
>
> > (1) acting with the kind of culpability required for the offense, he causes or aids an innocent or nonresponsible person to engage in conduct prohibited by the definition of the offense;

(2) acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense; or

(3) having a legal duty to prevent commission of the offense and acting with intent to promote or assist its commission, he fails to make a reasonable effort to prevent commission of the offense.

TEX. PENAL CODE ANN. § 7.02(a) (West 2011). The court's charge also contained an alternative "parties" charge under Section 7.02(b) of the Texas Penal Code. Section 7.02(b) provides:

If, in the attempt to carry out a conspiracy to commit one felony, another felony is committed by one of the conspirators, all conspirators are guilty of the felony actually committed, though having no intent to commit it, if the offense was committed in furtherance of the unlawful purpose and was one that should have been anticipated as a result of the carrying out of the conspiracy.

TEX. PENAL CODE ANN. § 7.02(b) (West 2011).

A careful review of the jury charge shows that the trial court tracked the language of Section 7.02(a) and (b) and that it gave the abstract instructions for conspiracy in the charge. The trial court's charge did not instruct the jury to consider whether Appellant was guilty of the separate offense of criminal conspiracy as set out in Section 15.02. *See* TEX. PENAL CODE ANN. § 15.02 (West 2011).

It is well accepted that the law of parties may apply to a case even though there is no such allegation in the indictment. *English v. State*, 592 S.W.2d 949 (Tex. Crim. App. 1980); *Pitts v. State*, 569 S.W.2d 898 (Tex. Crim. App. 1978). This rule applies not only to the law of parties found in Section 7.02(a)(2) but also to the law of parties found in Section 7.02(b). *Leger v. State*, 688 S.W.2d 130

(Tex. App.—Beaumont 1985, no pet.). Our examination of the case law shows that the theory of criminal responsibility in Section 7.02(b) has often been applied in capital murder cases. *Montoya v. State*, 810 S.W.2d 160 (Tex. Crim. App. 1989); *Wallace v. State*, 618 S.W.2d 67 (Tex. Crim. App. 1981); *English*, 592 S.W.2d at 954; *Wilder v. State*, 583 S.W.2d 349 (Tex. Crim. App. 1979); *Ruiz v. State*, 579 S.W.2d 206 (Tex. Crim. App. 1979); *Cienfuegos v. State*, 113 S.W.3d 481 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd); *Rogers v. State*, 662 S.W.2d 13 (Tex. App.—Tyler 1983, pet. ref'd); *Koonce v. State*, 654 S.W.2d 705 (Tex. App.—Houston [14th Dist.] 1983, pet. ref'd).

The trial court instructed the jury that it must find beyond a reasonable doubt that Appellant either himself evaded arrest and attempted the capital murder of Deputy Escudero or, as a party to an offense, aided Palma in evading arrest and the attempted capital murder of Deputy Escudero. The trial court further instructed the jury that Appellant's acts must have been more than mere preparation and that he must have attempted to cause Deputy Escudero's death or must have aided Palma in attempting Deputy Escudero's murder. The next paragraph in the charge was given in the alternative: the jury must find beyond a reasonable doubt that Appellant and Palma conspired to evade arrest, and in doing so, Appellant or Palma attempted the capital murder of Deputy Escudero.

Appellant argues that "evading arrest or detention" should have replaced "attempted capital murder," while the State argued waiver and harmless error. We disagree with the State that Appellant waived his issue because the record shows that Appellant objected to the submission of any Section 7.02(b) instruction and objected to the entire alternative "parties to the offense" paragraph that included the word conspiracy. We also disagree with Appellant that a substitution of language was necessary because the State produced evidence that Appellant continued to evade arrest after the initial stop by Deputy Escudero and opened the

8

sliding rear window to allow Palma to shoot at Deputy Escudero. Both acts support an inference of party action not only to evade, but also to attempt to murder Deputy Escudero. While it may have been preferable for the trial court to include "evading arrest or detention" in addition to the other language, it was not error to omit it; alternatively, if it was an error, any such error was harmless in light of the entire jury charge and the evidence at trial. We overrule Appellant's second issue.

## IV. *This Court's Ruling*

We affirm the judgment of the trial court.


MIKE WILLSON

JUSTICE


July 18, 2013

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.