

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-17-00104-CR

_____

TORRY JAMAL REED, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th District Court
Gregg County, Texas
Trial Court No. 41786-B

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

# MEMORANDUM OPINION

After the State had presented twenty witnesses against him and rested its case, Torry Jamal Reed entered a plea of guilty to the charge of murder and decided to submit the issue of punishment to the jury. The jury then assessed Reed a sentence of seventy-five years' imprisonment and a fine of $10,000.00. The trial court entered its sentence in accord with the jury assessment. During the jury's deliberations, the jury sent out a note with a question regarding the impact of parole and the court responded. On appeal, Reed argues that the trial court erred in its response and erred further by responding to that note when Reed was not present (although his attorney was present with the court when the response was crafted and delivered). Because we conclude that the trial court's response to the jury note was proper and that Reed's absence from the courtroom after the jury note was returned was harmless, we affirm the trial court's judgment.

In relevant part, Article 36.27 of the Texas Code of Criminal Procedure states:

> When the jury wishes to communicate with the court, it shall so notify the sheriff, who shall inform the court thereof. . . . The court shall answer any such communication in writing, and before giving such answer to the jury shall use reasonable diligence to secure the presence of the defendant and his counsel, and shall first submit the question and also submit his answer to the same to the defendant or his counsel or objections and exceptions, in the same manner as any other written instructions are submitted to such counsel, before the court gives such answer to the jury, but if he is unable to secure the presence of the defendant and his counsel, then he shall proceed to answer the same as he deems proper.

TEX. CODE CRIM. PROC. ANN. art. 36.27 (West 2006).

During its deliberation, the jury scribed the following note: "If given a life sentence, is parole still eligable [sic] @ 30 yrs?" In the absence of the jury, the trial court read the note and proposed the following response:

2

Yes. Under the law applicable in this case, if the defendant is sentenced to a term of imprisonment, he will not become eligible for parole until the actual time served equals one-half of the sentence imposed or 30 years, whichever is less, without consideration of any good conduct time he may earn.

Please continue your deliberations.

The trial court afforded defense counsel and the State an opportunity to object to the proposed response. However, Reed, who was being held in an adjacent room, was not present during the exchange. After defense counsel and the State affirmatively represented that neither had any objections to the proposed response, the trial court memorialized it in writing and returned the response to the jury.

Although his attorney was present during this period of time, Reed complains of his own absence, pointing out that the court made no effort to secure his presence. He further argues that he was egregiously harmed by the trial court's instruction because the trial court failed to inform the jury that eligibility for parole did not guarantee that parole would be granted.

"When the trial court responds substantively to a question the jury asks during deliberations, that communication essentially amounts to a supplemental jury instruction." *Lucio v. State*, 353 S.W.3d 873, 875 (Tex. Crim. App. 2011). "Communication between the court and the jury, although not made in compliance with Article 36.27, which does not amount to an additional instruction by the court on the law or some phase of the case does not constitute reversible error." *Andrews v. State*, 794 S.W.2d 46, 48 (Tex. App.—Texarkana 1990, pet. ref'd) (citing *McGowan v. State*, 664 S.W.2d 355, 358 (Tex. Crim. App. 1984); *Brown v. State*, 505 S.W.2d 850, 857 (Tex. Crim. App. 1974)). Here, we find that the trial court's response (1) did not amount to an additional instruction and (2) was proper.

3

The relevant portion of the trial court's original instructions to the jury contained the following information about parole.

**Parole and Good Conduct Time**

Under the law applicable in this case, the defendant, if sentenced to a term of imprisonment, may earn time off the period of incarceration imposed through the award of good conduct time. Prison authorities may award good conduct time to a prisoner who exhibits good behavior, diligence in carrying out prison work assignments, and attempts at rehabilitation. If a prisoner engages in misconduct, prison authorities may also take away all or part of any good conduct time earned by the prisoner.

It is also possible that the length of time for which the defendant will be imprisoned might be reduced by the award of parole.

Under the law applicable in this case, if the defendant is sentenced to a term of imprisonment, he will not become eligible for parole until the actual time served equals one-half of the sentence imposed or 30 years, whichever is less, without consideration of any good conduct time he may earn. If the defendant is sentenced to a term of less than four years, he must serve at least two years before he is eligible for parole. Eligibility for parole does not guarantee that parole will be granted.

It cannot accurately be predicted how the parole law and good conduct time might be applied to this defendant if he is sentenced to a term of imprisonment, because the application of these laws will depend on decisions made by prison and parole authorities.

You may consider the existence of the parole law and good conduct time. However, you are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant. You are not to consider the manner in which the parole law may be applied to this particular defendant.

Reed contends that the absence in the response to the jury note of a statement that although Reed would be eligible for parole, there was no guarantee that he would be granted parole, constituted

4

error.[1]  However, that very information was contained in the original charge.  Moreover, the trial court's written response to the jury note was taken verbatim from its original charge and simply repeated the applicable portion.[2]  Because the trial court's response did not include an additional instruction and was proper, Reed cannot show harm resulting from a violation of Article 36.27.[3]

We affirm the trial court's judgment.


Bailey C. Moseley
Justice

Date Submitted:  July 2, 2018
Date Decided:  July 3, 2018

Do Not Publish

---

[1]Reed cites to our previous decision in *Rodgers v. State*, 38 S.W.3d 725, 729 (Tex. App.—Texarkana 2001, pet. ref'd). There, we held that a trial court's supplemental instruction that the defendant was required to serve a minimum of thirty years before he would become eligible for parole amounted to reversible error because the trial court failed to submit statutory instructions on the application of parole as required by Section 4 of Article 37.07 of the Code of Criminal Procedure.  Because the trial court submitted those instructions in this case, *Rodgers* is clearly distinguishable.

[2]The wording used was specifically authorized by Article 37.07 of the Texas Code of Criminal Procedure.  TEX. CODE CRIM. PROC. ANN. art. 37.07, § 4 (West Supp. 2017).

[3]We point out that the jury did not assess life imprisonment, the most onerous penalty available to it.